SIMON DOPPELT, Plaintiff, *v.* HARRY RAEDEN, Defendant.

Supreme Court, Kings Special Term, March, 1922.

Negotiable instruments — action against maker of note — denial of knowledge sufficient to form belief as to delivery of note, its consideration and non-payment is incredible and judgment will be directed for plaintiff.

In an action against the maker of a note a denial of knowledge or information sufficient to form a belief as to the allegations of the complaint as to the delivery of the note, the consideration therefor and the non-payment thereof, is incredible as matter of law, and plaintiff's motion for judgment on the pleadings will be granted.

Whether the answer is frivolous or merely insufficient in law, it is equally obnoxious to a motion under rule 104 of the Rules of Civil Practice or to a motion under rule 112.

Upon a motion under said rule 104 directed against the pleading as frivolous, affidavits may not be read in support of the pleading any more than they can be on a motion under rule 112.

MOTION for judgment on the pleadings.

*Abraham H. Simon,* for plaintiff.

*Alfred Zwoden,* for defendant.

BENEDICT, J. This motion by plaintiff for judgment on the pleadings presents a question of practice which requires special consideration. The complaint sets up the delivery by defendant to plaintiff for a valuable consideration of defendant's promissory note for $185, payable on August 1, 1921, and the non-payment thereof. It is also, and unnecessarily, alleged that the note was presented for payment on its due date and payment refused. The answer is a denial of knowledge or information sufficient to form a belief as to these allegations. Such a denial is bad, because the material allegations so attempted to be denied relate to matters presumptively, at least, within the personal knowledge of defendant. The defendant objects, however, that the motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice is not the proper remedy, but apparently that a motion

should be made to strike out the answer as sham, so that he may produce affidavits to support the use of the above form of denial.

It was formerly the rule that a denial could not be stricken out as sham. *Wayland* v. *Tysen*, 45 N. Y. 281; *Rochkind* v. *Perlman*, 123 App. Div. 808. To avoid this rule, and yet to obviate delay in such cases as the present, Mr. Justice Gaynor invented, or at least first promulgated, the doctrine that a denial of knowledge or information sufficient to form a belief as to matters presumptively within the pleader's knowledge, or as to matters of public record, could be treated as frivolous — that is, as bad in law. *Rochkind* v. *Perlman, supra.* The Court of Appeals seems to have given some sanction to this doctrine in *Dahlstrom* v. *Gemunder*, 198 N. Y. 449, where plaintiff in his reply denied knowledge or information sufficient to form a belief as to allegations concerning a previous action alleged to have been brought by plaintiff against the defendants' principal. In the more recent case of *Harley* v. *Plant*, 210 N. Y. 405, the motion to strike out the answer as sham under section 538 of the Code of Civil Procedure, rather than a motion for judgment on the pleadings under section 547, or a motion to overrule the answer as frivolous under section 537, was said to be the appropriate remedy in a case of denial of knowledge or information sufficient to form a belief as to allegations of matters of public record, for the reason that under the first mentioned of these forms of motion the pleader would have opportunity to interpose affidavits to show that he honestly used that form of denial, which opportunity, of course, he would not have in case of the use of either of the other forms of motion. See, also, *Kirschbaum* v. *Eschmann*, 205 N. Y. 127. This ruling seems to be a departure from the earlier rule, above stated, that a denial could not be struck out as sham. The court (*Harley* v. *Plant, supra*), however, made this observation: "There may be cases in which the denials or defenses in an answer or reply are incredible as a matter of law as in *Dahlstrom* v. *Gemunder* (198 N. Y. 449), in which the party denied knowledge or information concerning acts of importance done or participated in by himself two years prior." P. 412.

It seems to me that the present case falls within this rule. The note is alleged to have been dated April 30, 1921, and to have been due on August 1, 1921. It does not appear on what date the answer was verified or served, but the summons was dated November 21, 1921. I think the denial of knowledge or information sufficient to form a belief as to the allegations of the delivery of the note, the consideration therefor and the non-payment thereof are incredible as matter of law. The denial of knowledge or information sufficient to form a belief as to the allegations of presentation

of the note and refusal of payment may be credible, for the defendant might very well have no knowledge or information as to these facts; but those allegations were unnecessary in the complaint, so that the denial thereof does not raise an issue.

The answer is, therefore, frivolous, and as such is obnoxious either to a motion made under rule 104 of the Rules of Civil Practice or to a motion made under rule 112, because the question whether an answer is frivolous or merely insufficient in law is only one of degree, and in either case no issue is raised. Nor do I understand that on a motion directed against a pleading as frivolous under rule 104, affidavits could be read in support of the pleading, any more than they could on a motion under rule 112.

Motion granted, with ten dollars costs, with leave to defendant to serve an amended answer within twenty days on payment of such costs.

Ordered accordingly.