H. C. KING MOTOR SALES CORPORATION, Respondent, *v.* HOWARD L. ALLEN, Appellant.

Fourth Department, May 7, 1924.

Judgments — summary judgment — motion by plaintiff under Rules of Civil Practice, rule 113, to strike out answer and for judgment — improper for court to amend prior order striking out answer and counterclaim as sham and frivolous, and to strike out certain defenses and counterclaims and permit defendant to defend on one issue.

On a motion made by the plaintiff under rule 113 of the Rules of Civil Practice to strike out the answer and for judgment, it is improper for the court to make an order directing that a prior order denying a motion to strike out the answer and counterclaim as sham and frivolous be resettled and amended, that certain defenses and counterclaims be stricken from the answer, and that the defendant be allowed to defend on one issue only. A motion under rule 113 is a motion for judgment and not a motion to correct or limit a pleading.

APPEAL by the defendant, Howard L. Allen, from an order of the Supreme Court, made at the Chautauqua Special Term and entered in the office of the clerk of the county of Chautauqua on the 1st day of June, 1923, striking out certain portions of his answer to the amended complaint and resettling and amending *nunc pro tunc* an order entered in said clerk's office on the 9th day of April, 1923.

*Arthur A. Beaudry,* for the appellant.

*Van Vlack & Bargar,* for the respondent.

CROUCH, J.:

Plaintiff sued to recover the amount of a deficiency arising on the sale of an automobile under a chattel mortgage. The answer of defendant was (1) a denial of the allegation of plaintiff's incorporation; (2) a denial of all other allegations except the signing of the chattel mortgage; (3) a defense of lack of consideration; (4) a defense and counterclaim because of an alleged illegal and fraudulent mortgage sale.

Plaintiff moved to strike out the answer and counterclaim as sham and frivolous. The court found no admission of the delivery of the mortgage, held that an issue, therefore, arose on the whole case, and denied the motion.

Thereafter plaintiff moved for summary judgment under rule 113 of the Rules of Civil Practice. The court was of opinion that upon the pleadings and all affidavits submitted there was a substantial question arising under the claim of defendant that there had been a qualified or conditional delivery of the chattel mortgage. An

order was thereupon entered which (1) struck out as sham and frivolous the denial of plaintiff's incorporation; (2) struck out as sham and frivolous the defense of lack of consideration; (3) struck out as sham and frivolous the counterclaim; (4) directed that the order entered on the former motion be resettled and amended *nunc pro tunc* in accordance with directions (1), (2) and (3); (5) struck out and dismissed the defense of lack of consideration as not supported by proof under rule 113; (6) struck out and dismissed the counterclaim as not supported by proof under rule 113; (7) adjudged that defendant had shown sufficient facts to entitle him to defend on the one issue as to whether there had been a delivery of the chattel mortgage; and so (8) denied the motion, qualified the answer as above indicated and ordered the parties to proceed to trial on the issue of delivery.

From that order defendant appeals. He contends, *first*, that the court was without power on this motion to resettle and amend the former order. There is some reason for that contention. No leave had been asked or given to reargue the prior motion. No notice of resettlement of the order had been given. No appeal had been taken from the former order. There was, therefore, a decision that the answer upon its face was neither sham nor frivolous. The different holding here must have been due to a consideration of the affidavits. But affidavits may not be considered on motions to strike out as frivolous. (*Doppelt* v. *Raeden*, 118 Misc. Rep. 203.) And if the old law which grew up under sections 537 and 538 of the Code of Civil Procedure, is still applicable under rules 103 and 104 of the Rules of Civil Practice, it may be doubtful whether the decision on the point here involved was correct. (See, for instance, *Baum's Casterine Co.* v. *Thomas*, 92 Hun, 1; *First Nat. Bank* v. *Slattery*, 4 App. Div. 421; *Zimmerman* v. *Meyrowitz, No. 3*, 77 id. 329.)

It is further contended that on this motion the court had no authority to strike out the separate defense and the counterclaim and thus to limit and prescribe the particular issue to be tried. It was no doubt the object of the Civil Practice Act and Rules of Civil Practice among other things to simplify the issues to be tried by eliminating before trial defenses without merit. Express authority to that end is given not only where the defect appears upon the face of the pleading, but also where it does not and where affidavits may be used. (*Koppel Industrial C. & E. Co.* v. *Portalis & Co., Ltd.*, 205 App. Div. 144.)

But the motion here was made expressly under rule 113 of the Rules of Civil Practice. By the language of that rule the motion is that " the answer may be struck out and judgment entered

thereon." It is a motion for judgment, not a motion to correct or limit a pleading. Its object was to prevent in a certain class of cases the interposing of an unworthy answer for purposes of delay. (*Rogan* v. *Consolidated Coppermines Co.*, 117 Misc. Rep. 718; Carmody's N. Y. Prac. § 290.)

If it appears that under any one of several defenses a genuine and substantial issue was created, defendant is entitled to a trial in regular order. (*Gravenhorst* v. *Zimmerman*, 236 N. Y. 22, 27.) Or, as expressed in another case, " to unconditional leave to defend." (*Munoz & Co.* v. *Savannah Sugar Refining Corp.*, 118 Misc. Rep. 24, 25.) If there is one good issue, which must await trial, the purpose of the rule — to save delay — falls.

The order should be modified by striking out all the ordering provisions except the one denying the motion for judgment, and as so modified affirmed.

All concur.

Order modified by striking out all the ordering provisions except the one denying the motion for judgment, and as so modified affirmed, without costs of this appeal to either party.