HARRY F. WARNER, Appellant, Respondent, *v.* P. F. COLLIER & SON DISTRIBUTING CORPORATION, Respondent, Appellant.

Fourth Department, November 19, 1926

**Judgments — motion by plaintiff for summary judgment under Rules of Civil Practice, rule 113, or in alternative for judgment on counterclaim under rule 109 for insufficiency — court struck out first defense and counterclaim and continued motion for summary judgment on denials and second counterclaim — continued motion was denied — first order not properly granted under rule 109 since counterclaim states cause of action — summary judgment under denials and counterclaim properly denied.**

It was error for the Special Term to order the first defense and counterclaim struck out, for, if the motion was made under rule 113 of the Rules of Civil Practice the order could serve no useful purpose since other issues were left undisposed of, and if made under rule 109 of the Rules of Civil Practice it was not warranted since the counterclaim states facts sufficient to constitute a cause of action.

The action of the court as to that part of the motion which was continued, in which it denied plaintiff's motion for summary judgment under the denials and the second counterclaim, was proper.

APPEAL by the plaintiff, Harry F. Warner, from that part of an order of the Supreme Court made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 25th day of May, 1926, denying plaintiff's motion for summary judgment.

Appeal by the defendant, P. F. Collier & Son Distributing Corporation, from so much of an order entered in said clerk's office on the 20th day of August, 1926, as strikes out defendant's first alleged defense and counterclaim.

*Frederick F. Grotz,* for the plaintiff.

*David T. Murray* and *Edward R. Bosley,* for the defendant.

PER CURIAM.   Defendant's answer consists of certain denials and of two affirmative defenses which are also pleaded as counterclaims. Plaintiff moved to strike out the answer and for summary judgment under rule 113 of the Rules of Civil Practice and, in the alternative, for judgment on the counterclaims for insufficiency appearing on the face thereof, under rule 109 of the Rules of Civil Practice, and, likewise in the alternative, for other relief which need not be specifically referred to.

When the motion came on to be heard, the Special Term entered an order which struck out the first defense and counterclaim and continued the motion for summary judgment on the denials and the second counterclaim.   Thereafter, by a second order the continued motion for summary judgment was denied.

From the first order the defendant appeals; from the second, the plaintiff.

1. The language of the first order does not disclose whether the decision was made under rule 113 or under rule 109.   In either case it must be reversed.   If made under rule 113, then even though the proof might have justified it, as to which we express no opinion, no purpose within the rule was served since other issues were left undisposed of. (*King Motor Sales Corp.* v. *Allen,* 209 App. Div. 281.)

If made under rule 109, we think it was not warranted.   The counterclaim on its face sufficiently states a cause of action.   If the facts referred to in the proviso of paragraph VIII of the contract exist, they may be set up in the reply.

2. Summary judgment under the denials and second counterclaim was properly denied.

That part of the order entered on August 20, 1926, appealed

from, should be reversed, with ten dollars costs and disbursements, and the motion denied. The order entered on May 25, 1926, should be affirmed, with ten dollars costs and disbursements.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Order entered May 25, 1926, affirmed, with ten dollars costs and disbursements. Order entered August 20, 1926, so far as appealed from, reversed, with ten dollars costs and disbursements, and motion denied.