942

JEANNE WEISS, Plaintiff, *v.* BENJAMIN UCHITELLE et al., as Executors of MAX KALIK, Deceased, et al., Defendants.

Supreme Court, Kings County, May 26, 1943.

*Saul Kaplan* for plaintiff.

*Katzen, Mann & Siegel* for Benjamin Uchitelle, as executor, defendant.

*Stein & Salant* for Ida Kalik, as executor; defendant.

STODDART, J. Summary judgment is sought by the plaintiff in an action upon a promissory note. The maker of the note is dead. His executors (two) and an indorser are the defendants, but judgment is requested against the executors only. The plaintiff's assignor is the payee.

The papers submitted hereon satisfy me that the plaintiff has the right to sue and that demand for payment was made of and refused by the executors and that the executors' denials of the allegations in the complaint relating to those matters are lacking in merit. However, by their answer, the executors " deny knowledge or information sufficient to form a belief " as to the alleged execution, delivery and indorsement of the note and the sufficiency of that denial is seriously questioned here.

In an action against a maker of a note, such denial is regarded as worthless (*Doppelt* v. *Raeden*, 118 Misc. 203), for it is only in cases where the defendant is honestly without any knowledge or information that a denial in the form quoted above is permitted, and a maker is presumed to have knowledge of execution and delivery of a note. An exception to the rule has been allowed in some cases where the maker was dead and his legal representative has submitted an affidavit containing an averment of no knowledge. To quote the language of the Appellate Division of this department: " In her affidavit filed in opposition to this motion, in speaking of these transactions, the defendant says she has absolutely no knowledge. This being so, it was her duty to defend and her answer should not be stricken out " (*Woodmere Academy* v. *Moskowitz*, 212 App. Div. 457). Upon this motion only one of the executors submits an affidavit containing a statement of no knowledge. The other executor, who deliberately omits an averment to that effect, states merely that he "was not present at nor a participant, in any such alleged transaction." The law considers coexecutors as one person. (*Barry* v. *Lambert*, 98 N. Y. 300; Decedent Estate Law, § 143.) Obviously, if one part of the entity has knowledge, a joint denial of knowledge or information sufficient to form a belief is worthless, for it must be presumed that the entity has knowledge.

I believe the executor who failed to include such statement in his affidavit is insincere in offering the explanation that such averment would constitute a waiver of the benefits provided in section 347 of the Civil Practice Act, for, if that averment constituted a waiver, then the coexecutor who has included the averment of no knowledge has " opened the door " (*de Laurent* v. *Townsend*, 243 N. Y. 130). Moreover, that section clearly states that waiver can occur only on a trial or on a hearing upon the merits. (*Matter of Van Volkenburgh*, 254 N. Y. 139, 143.)

The executors object to the court's considering an affidavit submitted by the indorser, a named defendant. The note and the letter by the maker acknowledging the indebtedness (copies of which are attached to the moving papers), together with the statement of the indorser, reveal that his signature on the note was for the accommodation of the maker. That being so, the indorser is not disqualified, for in *Wilcox* v. *Corwin* (117 N. Y. 500) it was held that a comaker of a note who had defaulted in the action would have been competent to testify on behalf of the payee if it were shown that " as between themselves " each maker was not liable to contribute to the payment of the note or that one maker was surety for the other maker. In view of the fact that the answer must be adjudged worthless for the reasons stated heretofore, it is not necessary, however, to consider the affidavit of the indorser.

Accordingly, the answer of the defendant executors is stricken out and judgment is granted for the plaintiff. Settle order on notice.