Cohn, J.
Plaintiff’s husband Edward Esteve was the owner of 25% of the capital stock of Abad-Esteve Corporation. Defendant Louis Abad owned the remaining 75%. The corporation had been operated by defendant and plaintiff’s husband for some time. Defendant purchased the 25% stock interest belonging to the husband of plaintiff and as part of the consideration in the transaction agreed to pay to plaintiff $5,000 pursuant to a written contract which reads as follows:
‘ ‘ April 19,1941
1 hereby agree to pay to Mrs. Edward Esteve the sum of $5,000 if either I make $20,000 personally or the Net Profits of the Corporation [the Abad-Esteve Corporation] exceed $20,000 for the year 1941.
Louis Abad [signed] ”
In his answer defendant admitted the making of the agreement for valuable consideration but denied that during the year 1941 his earnings amounted to $20,000 or that the net profits of the corporation exceeded that sum.
The case was noticed for trial by plaintiff, who demanded a trial by jury. Thereafter defendant moved for summary judgment dismissing the complaint as authorized by rule 113 of the Buies of Civil Practice (Lederer v. Wise Shoe Co., 276 N. Y. 459) upon the ground that for the year 1941 the income to defendant had not equalled and that the net profit of the corpora *727 tion had not been in excess of, the sum of $20,000. To support defendant’s claim there was annexed to his affidavit copies of income and other tax returns for the year in question filed by the corporation, and income tax returns filed by the individual defendant, showing income for each considerably below the stipulated sum of $20,000. In opposition to the motion plaintiff submitted affidavits from which it appeared that there were issues of fact.
Instead of denying the motion for summary judgment the Special Term appointed a referee to take proof and report upon the earnings of defendant and the corporation during the year 1941. Pending receipt of the referee’s report the decision on the motion for summary judgment was held in abeyance.
At the initial hearing before the referee plaintiff objected to the reference urging that there was no provision in law for referring issues of fact to a referee upon a motion for summary judgment. Nonetheless the referee overruled plaintiff’s objections and proceeded with the hearings. Plaintiff participated but asserted her right to renew her objections when the court should consider the motion for summary judgment following advice from the referee.
After hearings at which testimony was taken the referee reported that the net profits of the corporation for the year 1941 were $19,261.13. This sum was only $750 short of the $20,000 which Avould have entitled plaintiff to a full recovery of $5,000. The referee also reported that the income of defendant was $8,613.79. Upon all papers submitted on the motion together with the report of the referee and the testimony taken on the hearings the court granted defendant’s motion.
We think that upon a motion for summary judgment the court Avas without power to direct, for informatory purposes, a reference of the issues in the action; the court is not authorized to try the issues but it must determine Avhether there is an issue to be tried. (Dwan v. Massarene, 199 App. Div. 872, 879; Hanna v. Mitchell, 202 App. Div. 504, 517, affd. 235 N. Y. 534.) Issue-finding, rather than issue-determination, is the key to the procedure. If and when the court reaches the conclusion that a genuine and substantial issue of fact is presented, such determination requires the denial of the application for summary judgment. (Gen. Investment Co. v. Interborough R. T. Co., 235 N. Y. 133; The Summary Judgment by Clark and Samenow, 38 Yale L. J. 423,449.) Where, as here, there are fact issues and a trial by jury is seasonably demanded, plaintiff is entitled as a matter of constitutional right to such a trial. (Gravenhorst v. *728 Zimmerman, 236 N. Y. 22, 27, 39; Tidewater Oil Sales Corporation v. Pierce, 213 App. Div. 796, 798.) That fundamental right was lost to plaintiff when the issues of fact which emerged were decided by the court.
The gist of the argument made by defendant in seeking to sustain the judgment is that by participating at the hearings plaintiff acquiesced in the reference and thus had her day in court. The most that can be said of plaintiff’s activities on the hearings, however, is that she was merely opposing a motion for summary judgment. She also asserted her objection to the procedure adopted and continued her objections when the report of the referee came before the court for consideration. Plaintiff thus persisted in her position that she was not being accorded a trial of the issues to which she is entitled.
The reference to aid the court in determining the issues in the action, we hold, was improper. When the court saw that there were triable issues it was obliged to deny the motion and allow the case to take the usual course. (Curry v. Mackenzie 239 N. Y. 267, 270; King Motor Sales Corporation v. Allen, 209 App. Div. 281, 282-283.)
The orders and judgment should be reversed, with costs, and the motion for summary judgment denied.
Martin, P. J., Glennon, Dore and Van Voorhis, 33., concur.
Judgment and orders unanimously reversed, with costs to the appellant, and the motion for summary judgment denied.