HARRY SMOLENACK, Doing Business as ROUTE 17 MOTOR TRUCK SERVICE, Appellant, v. GEORGE HESS, Respondent.— In an action to recover the balance due on a promissory note executed and delivered by defendant in part payment for a trailer, plaintiff's motion for summary judgment was denied. Order reversed on the law and the facts, with $10 costs and disbursements, and the motion for summary judgment granted, with $10 costs. No affidavits by affiants having personal knowledge were interposed by defendant. The affidavit of the attorney, having no personal knowledge and reciting hearsay, is of no effect. (*Favole* v. *Gallo*, 263 App. Div. 729, affd. 289 N. Y. 696.) Nolan, P. J., Carswell, Johnston, Adel and Sneed, JJ., concur.

VICTOR PROCESS CO., INC., Respondent, v. PILE PRODUCTS CORPORATION et al., Appellants.— In an action for conversion, order denying motion to dismiss respondent's complaint on the ground, among others, that the cause of action did not accrue within the time limited by law for the commencement of an action thereon, reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, with $10 costs, pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice. Respondent claimed before the Special Term that a prior action, brought on behalf of respondent against the same defendants, embraced the same issues as are included in the present action, and that while such issues were litigated in the prior action, they were not decided therein, and that in any event the prior determination was not a final judgment on the merits. Consequently, respondent contended, the present action for conversion, having been commenced within one year after the termination of the prior action, was saved from the operation of the Statute of Limitations by the provisions of section 23 of the Civil Practice Act. In our opinion, on the facts disclosed in the record, the present action is not one " for the same cause " within the meaning of section 23 of the Civil Practice Act, and the provisions of that section are not applicable. In our opinion, the motion, insofar as it sought dismissal of the complaint on the ground that there was an existing final judgment determining the same cause of action between the same parties, was properly denied. Carswell, Acting P. J., Johnston, Adel, Nolan and Wenzel, JJ., concur.

RICHARD J. WELSH, Respondent, v. ALBERT WOOTTON, Appellant.— In an action to foreclose a tax lien, order denying motion to dismiss respondent's complaint as insufficient, pursuant to rule 106 of the Rules of Civil Practice, affirmed with $10 costs and disbursements, with leave to answer within ten days from entry of the order hereon. No opinion. Carswell, Acting P. J., Johnston, Adel, Nolan and Wenzel, JJ., concur.