Frank Del Vecchio, J.
This is a motion pursuant to rule 113 of the Rules of Civil Practice for summary judgment dismissing a complaint to foreclose a mechanic’s lien, canceling the lien and discharging a notice of lis pendens filed in connection with the action.
It appears from the pleadings and affidavits submitted on the motion that the defendant Robert W. Wolfe entered into a contract with the defendant Robin Construction Corporation whereby the latter was to build a residence for an agreed price of $21,588, part of which was to be financed by the owner’s procuring an $18,000 mortgage. The sum of $1,000 was paid at the execution of the contract and a part of the balance was to be paid as follows: 10% of the mortgage loan when foundation is in and cellar walls erected, 20% of the mortgage loan when roof boards are on and shingled, 25% of the mortgage loan when the windows, exterior door frames, rough wiring, rough plumbing and heat risers are in, 25% of the mortgage loan when Sheetrock installed, plumbing fixtures and heating installed. It was further provided that: ‘ ‘ The above payments shall be made within 3 days after inspection and approval of work done by the architect Owner and proposed Mort-”.
The contract also provided: “ 6. I. Should the Contractor neglect to execute the work properly or fail to perform any provision of the contract, or fail to continue with the work for a period of ten days, the Owner after seven days’ written notice to the Contractor may without prejudice to any other remedy he may have, make good the deficiencies and may deduct the cost thereof from the final payment due the Contractor, or, at his option, may terminate the contract, holding the Contractor liable for payments made to that time, take possession of all materials, and finish the work by such means as he sees fit, and if the unpaid balance of the contract price exceeds the expense of finishing the work, such excess shall be adjusted between Owner and Contractor, but if such expense exceeds *467 such unpaid balance, the Contractor shall be liable for the difference to the Owner. ’ ’
Plaintiffs are subcontractors of the defendant Robin Construction Corporation. Defendant Home Life Insurance Company is the holder of an $18,000 mortgage upon the property in question and defendant Rearwin is a second mortgagee.
Plaintiffs allege that they furnished goods and services at the express request of the general contractor and that defendants Wolfe expressly and impliedly agreed to pay therefor; that the value of the items for which no payment has been made is $1,531.38; that this amount is due from defendants Wolfe; that in accordance with the provisions of the Lien Law they filed a lien for this amount within the time provided therefor which is prior to any interest of the defendants Home Life and Rearwin; that in consideration of the mortgage loan granted by Home Life defendants Wolfe agreed to apply the proceeds therefrom to the cost of the improvement and to hold the same as a trust fund for the payment thereof.
The answer denies that any labor or materials for which payment has not been made were furnished by plaintiffs at the request of defendant owners. As an affirmative defense defendants set up paragraph 6. I. of the construction contract, quoted above, and allege that prior to March 14, 1956 they made payments to the contractor totaling $10,400 which exceeded the value of materials and labor furnished in the construction of the house to that date, that as a result of the general contractor’s failure expeditiously to continue construction of the building as required by the contract the owners exercised their option under paragraph 6.1. of the agreement and notified Robin Construction on March 14, 1956 of their election to terminate the contract in seven days; that defendants thereafter were compelled to and did undertake to complete the house; that defendants ordered labor and materials from plaintiffs for which they agreed to be personally liable and for which payment has been made in full; that plaintiffs were advised that the owners assumed responsibility only for items thereafter furnished at their request or at the request of their new contractor; that in order to complete the residence which Robin Construction had agreed to erect by the contract hereinbefore referred to defendants were compelled to and did expend sums in excess of the contract price of $21,588; that any items for which plaintiffs seek to foreclose a lien were furnished to Robin Construction as contractor under the building contract and that at the time the lien was filed there was no money due or to become due *468 on the contract. As a second defense it is alleged that the complaint fails to state a cause of action.
In support of the present motion for summary judgment dismissing the complaint is an affidavit by the defendant Robert Wolfe repeating in substance the allegations of the answer, setting forth the dates and amounts of payments made to the general contractor and stating that after making the last payment on December 11, 1955 the deponent discovered that the moneys which he had paid exceeded the work done on the premises, that he thereafter communicated with the contractor on several occasions and received assurances that the work would proceed but that it became necessary as a result of the contractor’s default to give notice of termination of the contract on March 14, 1956, that in order to complete the residence which Robin Construction had agreed to construct, the deponent was required to and did spend the sum of $1,044.43 in excess of the original contract price of $21,588. Attached to the affidavit are photostatic copies of the building contract, the checks issued to Robin Construction Corporation by defendant Robert Wolfe, letters addressed to the general contractor demanding performance and letters from defendant Robert Wolfe accompanying payments made to plaintiffs for labor and materials furnished after March 22, 1956 identifying the payments and disclaiming liability for the charge of $1,531.58, representing items furnished to Robin Construction Corporation.
This court is of the opinion that the pleadings together with the affidavit and documentary proof submitted by defendants have established a complete defense to the action and the motion should be granted unless plaintiffs by affidavit or other proof show such facts as may be deemed sufficient to raise an issue with respect to the verity or conclusiveness of the proof submitted. (Rules Civ. Prac., rule 113; Schoenfeld v. Modern Silver Linen Supply Co., 279 App. Div. 49.)
Plaintiffs’ affidavits fail to show the existence of any factual issue with regard thereto.
Section 4 of the Lien Law defines the extent of liens and provides in part: “If labor is performed for, or materials furnished to, a contractor or subcontractor for an improvement, the lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien, and any sum subsequently earned thereon. In no case shall the owner be liable to pay by reason of all liens created pursuant to this article a sum greater than the value or agreed *469 price of the labor and materials remaining unpaid, at the time of filing notices of such liens ”.
In construing this section, the Court of Appeals said in Van Clief v. Van Vechten (130 N. Y. 571) at page 577:
“ the following rules determine the extent to which a mechanics’ lien, filed by a sub-contractor or a material-man, attaches to the locus in quo:
“1. If anything is due to the contractor, pursuant to the terms of the contract, when the lien is filed, it attaches to that extent.
“2. If nothing is due to the contractor according to the contract, when the lien is filed, but a certain amount subsequently becomes due thereunder, the lien attaches to the extent of that sum.
“3. If nothing is due to the contractor pursuant to the contract, when the lien is filed and he abandons the undertaking without just cause, but the owner completes the building according to the contract and under a provision thereof permitting it, the lien attaches to the extent of the difference between the cost of completion and the amount unpaid when the lien was filed. ’ ’
It is apparent that the third rule stated above is applicable to the present action and that plaintiffs’ lien attaches only to the difference between the cost of completing the improvement and the amount of the contract price unpaid when the lien is filed. When the cost of completing the building equals or exceeds the amount unpaid on the contract, there is nothing on which the lien of a subcontractor may attach. (Van Cott & Son v. Gallon, 163 Misc. 914.) In Crane v. Genin (60 N. Y. 127) at page 131 the court said: ‘ ‘ The settled construction of the lien law is that, except in case of fraud, the owner cannot, under any of its provisions, be compelled to pay any greater sum for the completion of a building than by his contract he has agreed to pay. ’ ’
In the present action, the affidavit by defendant Robert Wolfe reveals that the total cost of the improvement exceeded by $1,044.43 the contract price. Plaintiffs, by their answering affidavit, do not dispute this fact; on the contrary, they have included in their affidavit a statement by Robert W. Nelson, president of the Robin Construction Corporation, that “ this is undoubtedly true ”. By way of opposition, however, plaintiffs state that they have been advised by Mr. Nelson that there were a number of changes and alterations in the original plans involving considerable additional expense, thereby implying *470 that the excess cost of the improvement over the contract price was attributable 'to changes in the plans rather than to completion of the house contracted.
These statements — which are controverted by defendants’ reply affidavit — are patently insufficient to raise an issue as to the fact that defendants spent more than the contract price in completing the improvement. They are hearsay statements only, based on alleged conversations with the president of the general contractor. Upon a motion for summary judgment the opposing affidavits must be made by affiants having personal knowledge of the facts; hearsay statements by persons having no personal knowledge are of no effect. (Smolenack v. Hess, 274 App. Div. 907; Favole v. Gallo, 263 App. Div, 729, affd. 289 N. Y. 696; Gnozzo v. Marine Trust Co. of Buffalo, 258 App. Div. 298, affd. 284 N. Y. 617.)
An exception to this requirement exists when the facts upon which the motion is based are exclusively within the knowledge of the moving party or clearly not within the knowledge of the opponent. (Suslensky v. Metropolitan Life Ins. Co., 180 Misc. 624, affd. 267 App. Div. 812.) However, this is not the case on the present motion. Plaintiffs were on the work site from November, 1955 to April, 1956 and presumably were familiar with the job as originally planned and as it was proceeding. If, as they claim, changes were made in the plans they should have set forth the items within their personal knowledge which support that claim. Or, if in fact they have no such personal knowledge, they should have produced an affidavit by Nelson, the president of the general contractor, stating the facts upon which their claim was based. In order to defeat defendants’ motion plaintiffs were required to marshal their proof and by affidavits containing evidentiary facts establish the presence of triable issues. (Rules Civ. Prac., rule 113.) This they have failed to do.
In their memorandum of law plaintiffs argue that there is a triable issue in that defendants will be obliged on trial to prove payment to Robin Construction Corporation which plaintiffs claim they will not be able to do, questioning the purpose of two of the checks delivered by defendants to Robin. They state that “ no competent testimony as to the application of such funds can be or will be adduced at the trial ’ ’ and suggest that it is possible — even probable — that the money was delivered as a loan rather than as payments attributable to work done on the property.
*471 Since, as already noted, plaintiffs do not dispute the fact that the total cost of completion paid by defendants exceeded the contract price, these arguments would seem to he irrelevant. It might be noted however that, inasmuch as this is an action to foreclose a mechanic’s lien, the burden would be upon the plaintiffs to prove that there is an indebtedness due from the owner to the general contractor (Brainard v. County of Kings, 155 N. Y. 538), and further that even if plaintiffs were correct and there were no proof as to the purpose of the two checks in question, it would be presumed that they were delivered in satisfaction of an obligation owed and not as a loan to the contractor. (Nay v. Curley, 113 N. Y. 575, 577.)
Plaintiffs also argue that there is a question of fact whether defendants are entitled to credit for the payments of $10,400 made to Robin Construction Corporation in view of section 7 of the Lien Law which provides in part: " Any payment by the owner, contractor or subcontractor upon a contract for the improvement of real property, made prior to the time when, by the terms of the contract, such payment becomes due, for the purpose of avoiding the provisions of this article, shall be of no effect as against the lien of a subcontractor, laborer, or materialman under such contract, created before such payment actually becomes due ”.
Again, it would appear that, inasmuch as plaintiffs do not dispute defendants’ payment for the completed project in excess of the contract price, the statutory provision quoted above is not pertinent. In any event, plaintiffs’ affidavits are lacking in any evidentiary facts which cast doubt upon defendants’ good faith in making the payments in question. The burden of plaintiffs’ claim is that defendants were guilty of misconduct in failing to advise the subcontractors that the moneys already paid exceeded the labor and materials in the building when this was discovered by defendants following the date of the last payment. What defendants learned after the payments could not of course have had any effect upon their bona fides at the time the advances were made and would not justify a finding that the payments were made for the purpose of avoiding the provisions of the Lien Law. The mere fact that payments are made by the owner to the contractor in advance of the time required by the contract, or that he has knowledge of the indebtedness of the contractor to the lienors, is not of itself sufficient to charge the owner with liability on account of such payments, but in addition thereto it must be shown, in order to *472 avoid the effect of a payment as against a lien, that the advance payments were made for the purpose of avoiding the provisions of the Lien Law, and the burden of so proving is upon the lienor. (Behrer v. McMillan, 114 App. Div. 450, affd. 191 N. Y. 530; Rukeyser v. Fountain & Choate, 185 App. Div. 263; Glens Falls Portland Cement Co. v. Schenectady County Coal Co., 163 App. Div. 757.)
Finally, the second and third causes of action pleaded in the amended complaint are based on a provision in the mortgage of defendant Home Life by which the owners agreed to hold the proceeds thereof as a trust fund for the payment of the cost of the improvement. Plaintiffs assert that they are third-party beneficiaries of this provision and under the doctrine of Lawrence v. Fox (20 N. Y. 268) are entitled thereby to maintain the present action.
It appears however from statements undisputed by plaintiffs that defendants have performed in full their obligations under this paragraph. The amount of the mortgage was $18,000; defendants have spent a sum of $22,632.43 for the completed building. It may well be that, inasmuch as the mortgage was not closed until June 1, 1956- — after the construction had been completed — funds from some other source were temporarily advanced to pay the costs of erecting the improvement prior to the receipt by defendants of the mortgage proceeds. This is common practice, however, and does not, in the opinion of this court, effect a breach of the trust provision if, as here, the total funds appropriated to the improvement are not less than the proceeds of the mortgage. Whether the funds received from the lending institution were themselves transferred to laborers and suppliers who contributed to the erection of the building or whether they were used to replace other resources temporarily advanced to permit periodic payments as the work progressed, they were unquestionably applied to the cost of the improvement. Defendants having performed their obligation to Home Life Insurance Co., the primary obligee, plaintiffs are without rights which they may assert as third-party beneficiaries.
The motion for summary judgment is granted and the complaint is dismissed.
Order accordingly.