Frank Del Vecchio, J.
This is a motion for summary judgment striking out the answer which contains four separate defenses and a counterclaim.
The verified complaint alleges that on April 27, 1956 the defendants executed and delivered to Coffee-ette of America, Inc., a promissory note in the amount of $7,080 with interest from date of maturity, principal to be paid in specified monthly installments of $197 commencing July 11, 1956 and the balance to be paid on June 11,1959; that the note contained an acceleration clause in the event of default and a provision for payment by the maker of attorneys’ collection fees of 15% in the event of an action to enforce payment; that prior to maturity the note was assigned to plaintiff for good and valuable consideration; that no part of the note has been paid except the sum of $394 *524 and that defendants have refused upon demand to make payment so that the entire balance of the note together with collection fees thereon is now due. Plaintiff demands judgment for $7,688.80, representing an alleged balance due of $6,686 and attorneys’ fees of $1,002.90.
• By their verified answer the defendants admit execution and delivery of the note to Coffee-ette but claim that they have made payments thereon in the amount of $534.80 and deny that they are liable for attorneys’ fees in the sum of $1,002.90 or that there is any amount due on the instrument. By way of affirmative defense it is alleged that the note in question was delivered as part consideration for certain goods and services to be furnished by Coffee-ette under agreements executed between defendants and Coffee-ette on the same day the note was made; that defendants were induced to execute such agreements and note by false representations and warranties made by Coffee-ette to defendants and known by it to be untrue; that prior to and at the time of the assignment of the note to plaintiff, and before it paid any value therefor, plaintiff knew that defendants had been induced to execute the instrument on the basis of false representations and warranties; that Coffee-ette has failed to perform in accordance with the representations and warranties and otherwise to fulfill the agreements; and that the defendant Marian C. Massey executed the note without receiving any value therefor. Other affirmative defenses allege that plaintiff was notified that Coffee-ette had no transferable interest in the note; that plaintiff has never paid Coffee-ette more than 60% of the amount which it agreed to pay for the assignment of the instrument; that at the time the note was made Coffee-ette advised defendants that nothing would become- due thereon and that the term thereof would not commence to run until assignment to defendants of certain service rights which were never assigned, all of which was known to plaintiff at the time it acquired the note. For a counterclaim the answer alleges that about August, 1956 plaintiff undertook the obligations to be performed by Coffee-ette under the agreements with defendants but that it has failed to fulfill those obligations thereby damaging-defendants to the amount of $5,000.
The reply to the counterclaim pleads a general denial.
In support of the motion plaintiff submitted affidavits by two of its officers, one of which does not claim personal knowledge of the transactions in question. The other deponent denies that plaintiff had any notice of defenses, to the note at the time of assignment and asserts that plaintiff is a holder in due coursA
*525 Opposing affidavits and documents submitted by defendants state, among other things, that the note in question represented a principal of $6,000 with three years’ interest at 6%, or $1,080, not a principal of $7,080; that Coffee-ette practiced certain specified fraud and misrepresentations upon defendants to induce them to execute the agreements and note; that plaintiff knew of this fraud and misrepresentation and also had notice of previous fraud by Coffee-ette as a result of prior dealings with that concern in discounting other notes payable to it, one of which was satisfied by Coffee-ette upon charges of fraud and misrepresentation practiced by it on the maker; that plaintiff followed a practice of withholding and depositing in a reserve account 40%, later reduced to 25%, of the agreed purchase price of notes acquired from Coffee-ette and that by reason thereof plaintiff did not pay Coffee-ette the full price agreed upon for defendants’ note before learning of the defenses thereto so that, even if it were assumed that plaintiff had no knowledge of the defenses at the time it acquired the note, it could not be a holder in due course as to the balance on hand.
As was said in Wagner Trading Co. v. Battery Park Nat. Bank (228 N. Y. 37), at page 45: “ The courts are careful to guard the interests of commerce and to protect and strengthen its great medium, commercial paper, but they are also careful to defeat titles taken in bad faith or with knowledge actual or imputed which amounts to bad faith.”
It is not the province of this court to weigh the conflicting claims of the parties as set forth in affidavits and to determine their ultimate rights in regard thereto. The only question to be decided on this motion is whether there exists any question of fact for submission to a jury. (Werfel v. Zivnostenska Banka, 287 N. Y. 91.) Summary judgment is proper only when it clearly appears that no material and triable issue of fact is presented. (Di Menna & Sons v. City of New York, 301 N. Y. 118, 121.) The drastic remedy, which disposes of a cause of action or a defense on pleadings and affidavits, should not be granted where there is any doubt as to the existence of justiciable questions of fact. (Braun v. Carey, 280 App. Div. 1019.)
Tested by these standards, this court is of the opinion that the present motion must be denied.
Originally, a question of fact was presented as to the amount of payments on the obligation which defendants have made to plaintiff bank, the complaint alleging $394 and the answer claiming $534.80. This has been eliminated on the present motion however by plaintiff’s concession that it will accept as correct the figure advanced by defendants.
*526 The basic argument in this litigation is whether plaintiff is a holder in due course free from the defenses of fraud and failure of consideration pleaded by defendants.
It appears that the note in question was payable in the State of Pennsylvania and that its negotiation and transfer to plaintiff took place there. In these circumstances there does not seem to be any serious dispute but that the substantive law of that State is to be applied in determining plaintiff’s status as a holder in due course of the instrument. (Weissman v. Banque De Bruxelles, 254 N. Y. 488.)
In 1953 Pennsylvania became the first State in the nation to adopt the Uniform Commercial Code, prepared jointly by the American Law Institute and the National Conference of Commissioners on Uniform State Laws. Section 3-302 of the Uniform Commercial Code, which defines a holder in due course, provides in part:
“ A holder in due course is a holder who takes the instrument
“ (a)- for value; and
“ (b) in good faith including observance of the reasonable commercial standards of any business in tvhich the holder may be engaged; and
' “(e) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.” (Emphasis supplied.)
Plaintiff argues that the words italicized above effected no change in Pennsylvania law and that, under prior decisions, nothing short of actual knowledge or a willful intent to evade such knowledge will constitute lack of good faith. Whether that was the law prior to 1953 is not necessary to decide; the clear language of the statute and the comments attached thereto by the Pennsylvania Bar Association and by the draftsmen of the code certainly indicate that under the present law a failure to comply with reasonable commercial standards of the holder’s business constitutes absence of good faith on the part of the holder. Section 1-102 of the code specifically provides that the comments of the National Conference of Commissioners on Uniform State Laws and the American Law Institute may be consulted in the construction and application of the statute. The comments which accompany section 3-302 state in part: “ A business man engaging in a commercial transaction is not entitled to claim the peculiar advantages which the law accords to the good faith purchaser — called in this context holder in due course —on a bare showing of £ honesty in fact ’ when his actions fail to meet the generally accepted standards current *527 in liis business, trade or profession.” (12 A Pur don’s Penna. Stats., § 3-302.)
With regard to the requirement of good faith for holders in due course, the notes of the Pennsylvania Bar Association provide: “ The requirement of the observance of the reasonable commercial standards of a business changes the law from subjective good faith, by adding an objective test.” (12A Pur don’s Penna Stats., § 3-302.)
Turning then to the sufficiency of the affidavits upon which plaintiff has based its motion for summary judgment, the following provision of Uniform Commercial Code (§ 3-307 [3]) is important: “After evidence of a defense has been introduced a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course.” (Emphasis supplied.)
Although plaintiff states in its brief that no Pennsylvania appellate case has determined that £ £ a defense ’ ’ means £ ‘ any defense ”, it does not deny that it has the burden of proving its status as a holder in due course and the Pennsylvania Bar Association Notes attached to the above-quoted section provide that “ any defense now shifts the burden of proof ”. Bather, it is plaintiff’s position that it has met the burden placed upon it and has conclusively established its status as a holder in due course so that the court on trial would not be justified in submitting the issue of good faith to a jury.
However, the Uniform Commercial Code comment to subsection (3) of section 3-307 contains the following statement which makes it clear that the affidavits submitted by plaintiff are not sufficient to permit a judgment in its favor as a matter of law:£ £ When evidence of a defense is introduced the plaintiff may, if he so elects, seek to cut off the defense by establishing that he is himself a holder in due course, or that he has acquired the rights of a prior holder in due course (Section 3-201). On this issue he has the full burden of proof by a preponderance of the total evidence. ‘ In all respects ’ means that he must sustain this burden by affirmative proof that the instrument was taken for value, that it was taken in good faith (including the observance of reasonable commercial standards), and that it was taken without notice ”. (Emphasis supplied.)
The affidavits submitted by plaintiff are completely lacking any statements tending to establish reasonable commercial standards in the banking business relating to the acquisition of negotiable paper or showing that plaintiff complied with such standards *528 in purchasing defendants’ note. That deficiency alone, under the comment quoted above, would seem to bar granting a judgment in plaintiff’s favor as a matter of law. Furthermore, it appears that the only proof submitted by plaintiff to establish its good faith is contained in the affidavits by two of its officers to the effect that they were not aware of any fraud practiced upon defendants by Coffee-ette. Inasmuch as one of the affiants had no personal connection with the negotiation of the note, and his statements are on information and belief, his affidavit is entitled to little consideration on this motion. (Smolenack v. Hess, 274 App. Div. 907; Favole v. Gallo, 263 App. Div. 729, affd. 289 N. Y. 696; Gnozzo v. Marine Trust Co., 258 App. Div. 298, affd. 284 N. Y. 617.) The remaining affidavit, by one who is an officer and employee of plaintiff bank,-requires a trial of the action in order that a jury may pass upon his credibility. (Second Nat. Bank of Pittsburgh v. Hoffman, 229 Pa. 429.)
In the case last cited plaintiff bank brought an action against the indorser of a negotiable promissory note, claiming to be a holder in due course free from the defense of fraud in procurement of the indorsement pleaded by the defendant. To establish its good faith in taking the instrument, plaintiff offered testimony by its cashier that he was the only officer of the bank who had participated in acquiring the note and that he had had no knowledge of any fraud practiced upon defendant. Defendant failed to offer any testimony in contradiction of the cashier and the trial court directed a verdict for the plaintiff. On appeal to the Supreme Court of Pennsylvania, the judgment was reversed and a new trial ordered, the opinion of the court stating in part:
“The defendant was not required in the first instance to show that the bank had knowledge of the false representations made by- McKee to him, for after he had shown, as he clearly did show, that the fraud had been practiced upon him, the bank was called upon to show affirmatively that it had no notice of the fraud when it took the note in food faith and for value; and whether it had so taken the paper depended entirely upon the testimony of its cashier. In directing a verdict for the plaintiff the court, in effect, instructed the jury that they must believe that witness, * * * We have many times said that when the establishment of a question of fact depends upon oral testimony, the credibility of the witness or witnesses is for the jury alone, and it is their exclusive province to determine whether, from such testimony, the fact in dispute has been established: * * # If he [the cashier] was interested, his credibility under *529 none of our cases could have been taken from'the jury. Upon his testimony alone the right of the bank to recover depended; for the burden was upon it to show that it had no notice of McKee’s fraud upon Hoffman, and it did not attempt to show this by any other witness.
“We are not to be understood as intimating that any interest the witness may have had or felt in the result of the trial did actually affect his credibility. All that we decide is that, under the circumstances and under the rule as to oral testimony, his credibility was for the jury alone, with their attention directed to the fact that his testimony was uncontradicted and that they could not capriciously disregard it.” (Second Nat. Bank of Pittsburgh v. Hoffman, 229 Pa. 429, 433-435 supra).
The rule thus stated — which makes the credibility of uncontradicted testimony of an interested witness a subject for consideration by a jury — has long been followed in Pennsylvania and is in accord with the law in the State of New York. (Canajoharie Nat. Bank v. Diefendorf, 123 N. Y. 191, 200; Veihelmann v. Manufacturers Safe Deposit Co., 303 N. Y. 526, 530; Piwowarski v. Cornwell, 273 N. Y. 226, 229; Karpas v. Bandler, 218 App. Div. 418, 420.)
The case must be very plain and conclusive to justify taking the question of good faith from the jury in favor of the party who has the burden of proof. Inasmuch as there is an issue as to plaintiff’s good faith under the circumstances presented which must await trial, the motion for summary judgment must be denied. (King Motor Sales Corp. v. Allen, 209 App. Div. 281, 283.) In so doing, the court makes no determination as to the existence of other factual issues raised by the motion papers. “ If it appears that under any one of several defenses a genuine and substantial issue was created, defendant is entitled to a trial in regular order. (Gravenhorst v. Zimmerman, 236 N. Y. 22, 27.) ” (King Motor Sales Corp. v. Allen, supra, p 283.)
Furthermore, before a motion for summary judgment is granted it must appear that the defense or denial urged by the defendant is not real but feigned, and the burden is on the plaintiff to submit convincing proof that the answer is sham and that there is no real defense or issue of fact to be determined. (Sprung v. Jaffe, 3 N Y 2d 539; Gramatan Nat. Bank & Trust Co. v. Penney, 279 App. Div. 974.) In the present case, the court is not convinced that there are no issues of fact to be determined.
Accordingly, the motion for summary judgment is denied.
Prepare order.