Thomas P. Farley, J.
In an action for alleged breach of a contract by the defendant, a retail automobile dealer, the plaintiff, a finance company, moves to strike the answer as sham and frivolous and for summary judgment.
It appears that the parties, as part of the transaction assigning a “ retail installment contract ” to the plaintiff, agreed to a written indorsement, which provided: “If you [the plaintiff] repossess the car, we [the defendant] will upon demand pay you the then unpaid balance * * *. You [the plaintiff] agree to protect us [the defendant] against any loss in excess of $100 due to any one single collision prior to the purchase of the automobile from you.”
Shortly after the afore-mentioned transaction the retail buyer under the “retail installment contract” defaulted. The car was repossessed by the plaintiff and delivered to the defendant. After due demand, the defendant refused to pay “ the then unpaid balance ’ ’. This action ensued.
The defendant’s amended answer consists of a general denial and several defenses, the first of which is that the delivery of the automobile 1 ‘ was not consummated in that the automobile that was' left with the defendant had many parts missing, was not in running condition and as a result was not the same automobile that was sold by the defendant ’ ’. The plaintiff denies this and claims that the afore-mentioned indorsement “ is clear on its face ” in requiring the “ defendant to repurchase the vehicle, regardless of the condition ”, except as clearly provided, and that in all other respects the answer is sham and frivolous and should be stricken.
This motion must be treated as one for judgment. (King Motor Sales Corp. v. Allen, 209 App. Div. 281, 283.) This court finds that the indorsement relied upon is ambiguous as to the condition of the car, which would require the defendant to pay the “ then unpaid balance.”
In Utica Carting, Storage & Contr. Co. v. World Fire & Marine Ins. Co. (277 App. Div. 483) the court stated (p. 486): “an ambiguity * * * [in a contract] should not be resolved against * * * [a party] on a motion for summary judgment.” In any event, there is an issue as to the condition of the automobile. "When ‘ ‘ questions of law * * * turn upon questions of fact * * # [they] should be determined only upon a record made on a full trial of the case.” (Meadow Brook Nat. Bank of Freeport v. Ferkin, 303 N. Y. 853, 855.) Accordingly, the motion is in all respects denied.