Abraham N. Geller, J.
Plaintiff moves for summary judgment, and defendant cross-moves for leave to file an amended answer. The action is based upon two life insurance policies, each in the sum of $500 and each issued on July 1, 1959. Death occurred on September 21,1959. Defendant asserted a separate defense alleging, upon information and belief, that death resulted from suicide or other unknown cause involving foul play. Payment on the policies was withheld pending an investigation commenced immediately after plaintiff’s filing of the claim on or about October 3,1959 and plaintiff forebore suit until November 2,1960. On December 2,1959 plaintiff gave written authorization to defendant to examine all hospital and medical records, if any, of the deceased.
A copy of the medical examiner’s report was received by the parties apparently in the beginning of January, 1961. A portion thereof, which does not purport to be part of the medical findings, contains an unexplained reference as follows: “In 1956 had an abortion treated with D & 0. She has had amenorrhea and has been anemic since.” The source or basis of this observation is not given and is hearsay. The autopsy report, which forms the major part of the examiner’s report states, as the cause of death, “visceral congestion, pending chemical examination.” Thereafter, in the autopsy report, in the section dealing with the microscopic examination, there is a comment that it would ‘ ‘ seem reasonable to conclude that death resulted during an acute crisis in sickle cell disease” and that “The disease was not recognized during life or from the gross findings of the autopsy but is fairly clear from the microscopic examination.” (Emphasis supplied.)
In the application for insurance dated June 16, 1959, prior suffering from anemia was denied as well as treatment or confinement within five years. It is upon these discovered circumstances that defendant seeks leave to assert a new separate defense, eliminating the defense contained in the original answer.
Considering on the motion for summary judgment the original pleadings and the papers both on the motion and the cross motion, it appears that no substantial triable issue is raised. True, the autopsy report indicates that the deceased had anemia at the time of death. However, defendant, after a period of about 20 months following commencement of its investigation, *934 fails to offer any competent evidence that deceased had anemia prior to or at the time of her application for the policy, that she knew it, or competent evidence of any other element of the defense of fraud which it now seeks to rely on. The aforementioned reference in the medical examiner’s report to an abortion and pre-existing anemia is hearsay and can be given no effect on a motion for summary judgment (Smolenack v. Hess, 274 App. Div. 907).
The motion is accordingly granted and the cross motion, being rendered academic, is dismissed. The Clerk is directed to enter judgment in favor of the plaintiff and against the defendant as demanded in the complaint.