Owen McGiveen, J.
Motion is for summary judgment against the individual defendant. The action is to recover $3,500 based upon 14 notes indorsed by the individual defendant; these were part of a series of 21 notes totalling $5,250; the first 7 notes were paid; the series were a substitution of a prior group of notes. The latter was given in connection with the installation and erection of certain equipment for a cafeteria which was in process of construction by Hector’s 57th Street Corporation. The balance of the purchase price was evidenced by a series of 16 promissory notes executed by that corporation and indorsed by the individual defendant herein. The corporation, after payment of some of the notes, discontinued its business and defaulted in the payment of the balance due plaintiffs. Thereafter, the individual defendant and others arranged for the defendant corporation to take over the cafeteria and to have the defendant corporation assume payment of the balance due plaintiffs. The individual defendant requested plaintiff to accept the new series of notes personally indorsed by the individual defendant and another. In consideration of this, the plaintiffs were to return to the individual defendant the notes of Hector’s 57th Street Corporation containing his indorsement. Each of the new notes contains an acceleration clause upon default. Note No. 8 was not put through on May 28, 1961 for collection on its due date through an error of plaintiffs’ bank. It was not discovered until June 8,1961 when it was put through for collection, and it was returned because the account of the maker was closed.
*444 The documentary proof evidenced by the photostat of the bank’s ledger sheet of the maker’s account exhibited herein shows that the maker’s account was overdrawn on May 28, 1961. On July 7, 1961, the individual defendant was notified of the default in payment and payment of the full sum due was demanded.
The individual defendant by his answer, verified by his attorney, denied all the allegations of the complaint and interposed three affirmative defenses: That defendant did not receive notice of presentment, protest or dishonor; that plaintiffs extended the time and terms of payment.
The opposing affidavit is by the attorney for the individual defendant. Such affidavit is not based on personal knowledge and the hearsay statements therein are of no effect and can only be considered on questions of law raised therein (Smolenack v. Hess, 274 App. Div. 907; Favole v. Gallo, 263 App. Div. 729; Weinman v. Weinman, 75 N. Y. S. 2d 880).
It cannot raise any issue that the individual defendant indorsed the notes; that they were given in consideration of the return of the notes theretofore executed by Hector’s 57th Street Corporation, which had been indorsed by the individual defendant; that plaintiffs were in a position to enforce liability upon Hector’s 57th Street Corporation and the individual defendant on the original notes; that upon the individual defendant’s request the notes sued upon were accepted by plaintiffs in lieu of the old notes; that the acceptance of the new notes by plaintiff was for the accommodation of the individual defendant since the time for payment was extended and further, there was a possibility of payment by the corporate defendant of the new notes, as was done with respect to notes 1 to 7 inclusive of the new series, thereby saving the individual defendant from the obligation to pay his debt.
This brings the individual defendant clearly within the purview of section 186 of the Negotiable Instruments Law, which provides that notice of dishonor is not required to be given to an indorser where the instrument was made or accepted for his accommodation. “ The law is well settled that if a preexisting debt is satisfied or discharged by the acceptance of a note, the prior debt constitutes good consideration both as to the maker and as to any third-party comaker or indorser who is an accommodation party to the instrument.” (Davis v. Sisti, 3 Misc 2d 132, 134; see, also, County Trust Co. of N. Y. v. Mara, 242 App. Div. 206, affd. 266 N. Y. 540.)
Since the individual defendant did receive good consideration for the indorsement of the note sued upon herein, and since the *445 notes were accepted for Ms accommodation, notice of dishonor was not required to be given to Mm, and he is liable as is the maker.
No proof has been submitted as to the extensions of time and terms of payment. Since there is no issue to be tried, the motion is granted.