Clarence J. Henry, J.
The plaintiff corporation has commenced an action against the defendant corporation to recover the balance of $4,159 claimed to be owing on the purchase price of 16,000 pounds of copper wire.
The answer contains a general denial and a counterclaim based upon alleged breach of warranty on the part of the plaintiff in connection with the quality of the wire. The plaintiff’s reply denies the allegations of the counterclaim.
The plaintiff now moves for summary judgment under rule 113 of the Rules of Civil Practice supporting the motion with an affidavit of its vice-president — in turn supported in principal, material detail by annexed documentary proof — indicating delivery of the wire, as ordered, to the defendant’s consignee on *195 October 16, 1961, invoiced at $5,159.07; telegraphed demand for tardy payment, on February 15,1962; receipt by the plaintiff of two promissory notes, covering the invoice price, on February 16, 1962; refusal thereof, and return to the defendant on February 19, 1962; receipt thereafter of three checks from the defendant, one dated March 9, 1962, for $1,000 — which was cashed, one dated March 20, 1962, for $1,500 — which was deposited and protested for insufficient funds, and one dated March 30, 1962, for the balance of the invoice price, which was not presented for payment.
It is to be noted that the action was not commenced and the answer and counterclaim were therefore not served until after the occurrence of the events set forth in the plaintiff’s documentary proof.
The defendant’s opposing affidavit, executed by its president, alleges breach of warranty in connection with the quality of the wire, setting forth difficulties and losses claimed to have been experienced by the defendant’s consignee in processing the wire, of which matters the defendant frankly admits having been “ advised by the consignee.” There is no supporting affidavit executed on behalf of the consignee — which had direct knowledge of the claimed defects, if they existed — nor is any reason given to explain the absence of such affidavit, which otherwise must be presumed to be available. The defendant’s opposing affidavit, therefore, falls into the class of inexcusable hearsay, which is insufficient to defeat a motion for summary judgment founded, as the motion is herein, upon a prima facie valid claim. Upon a motion for summary judgment the opposing affidavits must be made by affiants having personal knowledge of the facts; hearsay statements by persons having no personal knowledge are of no effect. (Maycumber v. Wolfe, 10 Misc 2d 464.) It is only under unusual circumstances, not present here, that this rule permits an exception (see Royal Ind. Co. v. Ginsberg, 157 Misc, 507). Motion for summary judgment granted. Ten dollars costs,