ERNEST GROSSMAN, Respondent, *v.* ALEXANDER J. CHECHILA, Appellant.

Supreme Court, Appellate Term, First Department, April 22, 1926.

**Bills and notes — holder in due course — transfer of demand note one year after date not reasonable within meaning of Negotiable Instruments Law, § 92 — note subject to defense of failure to perform condition precedent.**

A transfer of a demand note one year after its date to the plaintiff was not made within a reasonable time within the meaning of section 92 of the Negotiable Instruments Law, and, therefore, plaintiff is not a holder in due course. Accordingly, the plaintiff not being a holder in due course, the defendant had the right to show that the note had been issued on a condition precedent which had not been performed.

APPEAL by defendant from a judgment of the City Court of the City of New York, entered in favor of plaintiff.

*Ralph M. Frink,* for the appellant.

*Ross & Kaufman [Joseph B. Kaufman* of counsel], for the respondent.

PER CURIAM. The jury having found that the promissory note in suit was delivered upon the representation that the payee would produce credentials showing that the making of a contract in regard to an immigrant home was actually authorized by the Hungarian government, and no such credentials having been produced nor proof in respect thereto given, and it appearing by the testimony that the payee transferred the demand note to

**152** Cushman's Sons, Inc., *v.* Amalgamated Food W. Bakers.

Supreme Court, April, 1926. [Vol. 127

the plaintiff about one year after its date, which was an unreasonable length of time after its issue (Neg. Inst. Law, § 92), it follows that plaintiff was not a holder in due course.

Judgment reversed, with costs, and complaint dismissed on the merits, with costs.

All concur; present, Bijur, Lydon and Levy, JJ.