*Eugene Van Voorhis* for appellant.
*Samuel Levy* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH D. SUGARMAN, Appellant.

*Crimes — stockbrokers — hypothecation of customer's securities — judgment of conviction affirmed.*

*People* v. *Sugarman,* 216 App. Div. 209, affirmed.

(Argued October 15, 1926; decided November 16, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 19, 1925, which affirmed a judgment of the Court of General Sessions of the Peace in the county of New York rendered upon a verdict convicting the defendant, a stockbroker, of the crime of hypothecation of a customer's securities in violation of section 956 of the Penal Law.

*Philip C. Samuels* and *Max Lazarus* for appellant.

*Joab H. Banton, District Attorney (Felix C. Benvenga* and *Charles Henry* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE and ANDREWS, JJ. Dissenting: LEHMAN, J.

---

JAMES PILKINGTON CO., INC., Respondent, *v.* THE CITY OF NEW YORK, Appellant.

*Contract — New York city — action to recover for extra work and materials required in performance of contract for public work.*

*Pilkington Co., Inc.,* v. *City of New York,* 216 App. Div. 756, affirmed.

(Argued October 15, 1926; decided November 16, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

entered March 29, 1926, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict. The action was to recover for an alleged breach of a contract entered into between the plaintiff and defendant for the construction of a system of sewers, in that plaintiff was compelled to perform certain work · and furnish and operate certain equipment, and to supply certain materials to do the work required by the contract outside of the terms of the contract itself. Damages were claimed for alleged extra work, labor, services, equipment and material required in making excavations, furnishing and operating pumps and boilers with fuel and power, supplying teams to haul material, cost of blacksmith and helper for repairing tools and equipment and boilers, all required because of the necessity of continuously pumping water from the excavations in order to keep them in a proper and safe condition to perform the work required of the contractor.

*George P. Nicholson, Corporation Counsel (Elliott S. Benedict* and *John F. O'Brien* of counsel), for appellant.

*Philip J. Britt* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: CARDOZO, J.

---

PAUL WESTPHAL, a Corporation, Respondent, *v.* WESTPHAL'S WORLD'S BEST CORPORATION et al., Appellants.

*Trade-names — injunction — action to restrain use of name in connection with certain business.*

*Westphal* v. *Westphal's World's Best Corp.,* 216 App. Div. 53, affirmed.

(Argued October 15, 1926; decided November 16, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 22, 1926, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at