DORA DULBERG, Individually and as Administratrix, etc., of JOSEPH DULBERG, Deceased, Appellant, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent.— In an action on a policy of accident and health insurance, plaintiff, as beneficiary and as administratrix of the insured, appeals from a judgment for the defendant directed upon a special verdict. The sole question submitted to the jury, and answered by them in the affirmative, was whether or not the defendant, after receiving a check in payment of a premium due on December 26, 1933, acted with reasonable diligence under the circumstances in respect of the collection of the check that was returned by the bank on which it was drawn, marked as drawn against uncollected funds. The only errors urged by the appellant relate to the trial court's charge to the jury. Judgment in so far as an appeal is taken therefrom reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. The check for the premium was mailed on behalf of the insured in the city of New York to the respondent at its address in the same city at seven-thirty P. M., Thursday, December 21, 1933. Presumptively it reached its destination; we take judicial notice that it would be delivered to the respondent in the ordinary course of the mails on the following day, Friday, December 22, 1933. ( News Syndicate Co. v. Gatti P. S. Corp., 256 N. Y. 211, 214.) In our opinion the trial court erred, in respects as to which the plaintiff's rights were preserved by due exception, in charging the jury (1) in effect that the presumption referred to did not exist, (2) that the failure of the defendant to produce the envelope in which the check was mailed was not evidence of anything, and also (3) erred to the detriment of the plaintiff in the emphasis placed by the court, in the charge, upon the magnitude and importance of the defendant as a " great business organization," and as " one of the largest of the old-line life insurance companies, where thousands of pieces of mail come in each day." Justice requires a new trial. We agree that the question whether, under all of the circumstances, the defendant, after the receipt of the check, acted with reasonable diligence in placing the check in process for collection, was one of fact for the jury under proper instructions. Lazansky, P. J., Young, Johnston, Adel and Taylor, JJ., concur.

CHARLES EISLER, Appellant, v. JOSEPH J. STEINHARTER, Respondent.— Appeal from judgment upon a determination in favor of defendant, after a trial by the court without a jury, in an action on an alleged oral contract to repurchase certain shares of stock. Judgment unanimously affirmed, with costs. The trial court, upon conflicting evidence, found that the plaintiff failed to sustain the burden of proving an agreement between the parties to repurchase the stock. The determination should not be disturbed. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.