THE NEVINS, INC., Appellant, *v.* ELIAS KASMACH, as President of the WAITERS AND WAITRESSES UNION, LOCAL No. 2 OF BROOKLYN AND QUEENS, Respondent.

Argued November 28, 1938; decided December 9, 1938.

324

*Robert E. Whalen, Ralph Weller, Edwin M. Shultes, 3rd,* and *Milton M. Eisenberg* for appellant.

*Louis B. Boudin* and *Murray R. Paris* for respondent. The complaint must be tested by the strict rules applicable to actions for specific performance and for injunctions in labor disputes. (*Dudley* v. *Congregation,* 138 N. Y. 451; *Sadlier* v. *City of New York,* 185 N. Y. 408; *Loeb* v. *Supreme Lodge,* 198 N. Y. 180; *Jackson* v. *Strong,* 222 N. Y. 149; *Wise Shoe Co.* v. *Lowenthal,* 266 N. Y. 264.) The complaint is insufficient for the reason that it fails to allege certain facts, the pleading and proof of which is made a clear prerequisite to the granting of injunctive relief by section 876-a to the Civil Practice Act. (*Halbe* v. *Adams,* 172 App. Div. 186; *Maylender* v. *Fulton County Gas & Electric Co.,* 131 Misc. Rep. 514; *Union Trust Co.* v. *Main & South Streets Holding Corp.,* 245 App. Div. 369.) The complaint fails to state a cause of action under the general rules governing actions for specific performance. (*Tousey* v. *Hastings,* 127 App. Div. 94; *Mahaney* v. *Carr,* 175 N. Y. 454; *Hamlin* v. *Stevens,* 177 N. Y. 39; *Ansorge* v. *Kane,* 244 N. Y. 395; *Gall* v. *Gall,* 64 Hun, 600; *Doctor* v. *Reiss,* 180 App. Div. 62.)

RIPPEY, J. Defendant moved at Special Term, under rule 106 of the Rules of Civil Practice, to dismiss the complaint on the grounds (1) that the complaint, upon its face, did not state facts sufficient to constitute a cause of action, and (2) that the complaint was insufficient in law on the face thereof in that it failed to set forth facts showing compliance with the provisions of section 876-a of the Civil Practice Act. The motion was denied. Upon appeal, the Appellate Division reversed the order of the Special Term and directed the entry of judgment

dismissing the complaint. Upon this appeal, defendant must be deemed to admit the truth of every material allegation of fact contained in the complaint and of any inference that may be legitimately drawn therefrom (*Lamb* v. *Cheney & Son*, 227 N. Y. 418, 420).

The complaint in this action shows that the parties entered into a collective bargaining agreement in January, 1937, by which their differences were settled and, supposedly, to remain settled. It was provided that their amicable relations were to continue under the terms of the contract and that the parties were to be governed by its provisions until December 31, 1937, during which period there should be no strike or lockout. There is no allegation that the contract contained any provision for settlement of disputes which might arise between the parties during the term of the contract.

A dispute arose in July, 1937, concerning the employment of waiters arising out of alleged seniority of service and, when negotiations for settlement failed, the defendant called and put into effect a strike. Plaintiff further alleges that it performed all the terms and conditions of the contract on its part to be performed, that the strike was called without cause and in violation of the terms of the contract and that it had no adequate remedy at law. Among other relief, it asked for the specific enforcement of the contract. We find it unnecessary at this time to consider or pass upon any of the various questions which have been argued concerning the validity and enforceability of the contract or its applicability to the facts in this case.

The complaint contains all the allegations required by section 876-a of the Civil Practice Act prerequisite to the granting of equitable relief. It otherwise sets up facts sufficient to state a cause of action in equity. There are allegations that the defendant union and its members, as an incident to the strike, intimidated and coerced the non-striking employees of plaintiff; that they molested,

insulted, annoyed and harassed plaintiff's customers; that they performed various acts of violence; that they spread false rumors concerning the circumstances of the strike and made false statements to the public; that they conducted illegal picketing; and that they, in other ways, illegally interfered with plaintiff and its business.

The question of the right of a trial court, at this time, to grant injunctive relief is said to be academic inasmuch as the strike is ended and it is urged that the plaintiff should be relegated to an action at law for damages. On this appeal, we have nothing in the record before us to indicate that the time for injunctive relief, upon a proper showing of facts by plaintiff, has expired. Since the plaintiff rightfully invoked the jurisdiction of equity to apply for an injunction, the complaint must be sustained and plaintiff may have any incidental relief by way of damages or otherwise to which it may be entitled so that complete disposition of the controversy between the parties, arising in equity, may be obtained (*McGean* v. *Metropolitan Electric Ry. Co.*, 133 N. Y. 9, 16, 17; *Sadlier* v. *City of New York*, 185 N. Y. 408, 414, 415).

The judgment of the Appellate Division should be reversed and the order of the Special Term denying defendant's motion to dismiss the complaint affirmed, with costs to appellant in this court and in the Appellate Division.

LEHMAN, O'BRIEN, LOUGHRAN and FINCH, JJ., concur; CRANE, Ch. J., and HUBBS, J., taking no part.

Judgment accordingly.