NICHOLAS DI MENNA & SONS, INC., Appellant, *v.* CITY OF NEW YORK, Respondent, et al., Defendants.

Argued March 2, 1950; decided June 1, 1950.

*Emil V. Pilz* for appellant. I. The city failed in its obligation to do nothing to modify the common-law liability of the railroad to shore and protect its duct line. (*New York City Tunnel Authority* v. *Consolidated Edison Co.*, 295 N. Y. 467; *Necaro Co.* v. *Eighth Ave. R. R. Co.*, 220 App. Div. 144; *Mansfield* v. *New York Central & H. R. R. R. Co.*, 102 N. Y. 205; *Wilson & English Constr. Co.* v. *New York Central R. R. Co.*, 240 App. Div. 479; *Werfel* v. *Zivnostenska Banka*, 287 N. Y. 91.) II. The city was guilty of misrepresentation and fraud. (*Jackson* v. *State of New York*, 210 App. Div. 115, 241 N. Y. 563.) III. The second cause of action is not a claim for delays and plaintiff did not waive its claim by its letter of October 16, 1947. Plaintiff is entitled to recover for repairing damage to its work, caused by leakage from the city's sanitary sewer due to the city's negligence. (*Pilkington Co.* v. *City of New York*, 211 App. Div. 558, 243 N. Y. 638.)

*John P. McGrath, Corporation Counsel* (*Andrew Bellanca* and *Seymour B. Quel* of counsel), for respondent. I. The city's motion for summary judgment as to the first cause of action was properly granted. No question of fact was presented. The agreement between plaintiff and the city expressly barred recovery against the city for the cost of supporting New York Central's duct lines. (*New York City Tunnel Authority* v. *Consolidated Edison Co.*, 295 N. Y. 467, 296 N. Y. 745; *Transit Comm.* v. *Long Island R. R. Co.*, 253 N. Y. 345; *Brooklyn Elevated R. R. Co.* v. *City of Brooklyn*, 2 App. Div. 98; *Albany Northern R. R. Co.* v. *Brownell*, 24 N. Y. 345; *Gas Light & Coke Co.* v. *Columbus*, 50 Ohio St. 65.) II. Plaintiff may not recover for the alleged additional cost of performance caused by the condition of an adjoining sewer, because (1) it expressly assumed the risk of any subsurface condition, and (2) plaintiff specifically waived any such claim after completing the work. Accordingly, the city's motion for summary judgment as to the second cause of action was properly granted. (*United States* v. *Moorman*, 338 U. S. 457; *Weston* v. *State of New York*, 262 N. Y. 46; *Dunn* v. *City of New York*, 205 N. Y. 342; *Niewenhous Co.* v. *State of New York*, 248 App. Div. 658, 272 N. Y. 484.)

*Per Curiam.* The judgment appealed from should be modified by reversing so much thereof as dismissed the second cause of action alleged in the complaint as against the defendant, City of New York, and as to such cause of action the motion for dismissal should be denied. The judgment appealed from is otherwise affirmed, with costs in this court to the plaintiff. We deem the allegations of the second cause sufficient. It is asserted that the city was negligent in failing to call the contractor's attention to the defective and dilapidated condition of a sanitary sewer line located adjacent to but outside the project limits and which was indicated on the contract plans as " Not to be Disturbed ". Because of its defective condition leaks flooded the excavation work with sanitary flow causing the alleged damage. Under such circumstances, it may not be said that an allegation of lack of knowledge by the city of its defective and dilapidated condition presents such a complete defense within the terms of the contract forbidding the making of any claim by the contractor for damages due to the segment block sewer not being in condition as contemplated or for its

breaking, as to render the second alleged cause of action insufficient in law. At a trial it might well be shown that the city knew or should have known of such defective condition and that because of it the work was made more difficult and expensive than it would have been under the original contract (*Horgan* v. *Mayor of City of N. Y.*, 160 N. Y. 516; *Gearty* v. *Mayor of City of N. Y.*, 171 N. Y. 61; *Sundstrom* v. *State of New York*, 213 N. Y. 68). In any event, the plaintiff at the very least should be afforded an opportunity to examine the city's witnesses on the subject (*Pilkington Co.* v. *City of New York*, 211 App. Div. 558; 216 App. Div. 756, affd. 243 N. Y. 638). To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (*Chelsea Exch. Bank* v. *Munoz*, 202 App. Div. 702; *Fredburn Constr. Corp.* v. *City of New York*, 280 N. Y. 402).

The judgments should be modified in accordance with the opinion herein, and as so modified affirmed, with costs in this court to the plaintiff.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment accordingly.