JOHN BRAUN, Respondent, v. JAMES B. CAREY, as Chairman of International Union of Electrical, Radio & Machine Workers, C.I.O., an Unincorporated Association, et al., Appellants.— Appeal by the defendants from an order of the Supreme Court at Special Term in Albany County denying a motion to vacate an order granting summary judgment to the plaintiff and for leave to serve an amended answer. Plaintiff brought this action to recover the sum of $9,500 for legal services alleged to have been rendered for the defendants and for which defendants agreed to pay. The answer in substance denied the retainer, the agreement to pay for the services, and the extent of the services rendered, and contained the further allegation: "That defendant on information and belief believes plaintiff is entitled to only $500 more for services rendered." Defendants assert that this quoted allegation in the answer was inserted inadvertently by local counsel retained by the general counsel of the defendants of Washington, D. C., and contrary to instructions from them, and that local counsel was immediately instructed to file an amended answer withdrawing this allegation. Plaintiff moved for summary judgment, and by his notice of motion served at least ten days in advance of the hearing, invoked the provisions of rule 64 of the Rules of Civil Practice, which would require that reply affidavits be served at least two days before the hearing. Although the defendants' answering affidavits were served at least five days before the hearing, in compliance with rule 64, no reply affidavits were served upon the defendants prior to the hearing. By agreement of counsel the motion was submitted without argument. Upon the return date the plaintiff submitted to the court lengthy reply affidavits, and one of the contentions of the defendants is that they have never had an opportunity to answer these reply affidavits, and it was primarily for that purpose that the motion to vacate was made. It seems clear from the record that the original motion for summary judgment was submitted to the court upon inadequate papers on behalf of the defendants, due largely to a misunderstanding between counsel. It is equally clear that the defendants vigorously deny the retainer of the plaintiff by the defendants; deny the authority of some who allegedly retained the plaintiff; deny any agreement by the defendants to pay, and deny the extent of plaintiff's services. Questions of fact were thus presented which entitled the defendants to a trial. The rather drastic remedy of summary

judgment on affidavits should not be granted where there is any doubt as to the existence of triable issues of fact. We think that such is the case here, and that the motion to vacate the order and for leave to serve an amended answer should have been granted. The order appealed from is reversed on the law and facts, and the motion granted, with $10 costs. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.