EUGENE J. NATHAN, Respondent, *v.* LOUIS SPECTOR, Appellant.

Third Department, March 18, 1953.

452

*Francis W. McGinley, F. Walter Bliss* and *Robert H. Ecker* for appellant.

*J. Clarence Herlihy* and *Henry J. Metzner* for respondent.

HALPERN, J. This is an appeal from an order granting summary judgment in favor of the plaintiff, the purchaser of certain real property, in an action for specific performance, and from the judgment entered in accordance with the order. The principal question is whether the Statute of Frauds (Real Property Law, § 259) was complied with.

In reviewing an order granting summary judgment in favor of the plaintiff, we must accept the defendant's version of the facts as true except to the extent to which we may reject any part of it as incredible as a matter of law. If the evidentiary facts set forth by the defendant are sufficient to raise a question of fact as to any point vital to the plaintiff's case, the order must be reversed.

It seems to us that there is a triable issue of fact in this case which precludes the granting of summary judgment.

It appears from the pleadings and affidavits that after prolonged negotiations the parties agreed upon $46,000 as the price to be paid for the property. However, according to the defendant's version of the transaction, the amount of the down payment to be made by the purchaser upon the execution of the contract " was only tentatively agreed upon ", the plaintiff offering to pay $1,000 and the defendant insisting upon a pay-

ment of at least $2,000. This was left open to be finally determined at the time of the preparation and execution of the formal agreement, it being understood that the agreement would be prepared by the defendant's attorney. An effort was made to reach the defendant's attorney but he was not available and thereupon the real estate broker drew up a memorandum which was executed by the parties. This memorandum read as follows:

" May 26, 1952

" I, Louis Spector, agree to sell to Eugene J. Nathan, 9 Horicon Avenue, Glens Falls, N. Y., the property located at 53–59 Park Street and the adjoining land owned by me for Forty-six thousand and no/100 ($46,000.00) Dollars free and clear of all encumbrances and I agree to pay to Martin A. Ginsburg and Nathan Proller collectively, One thousand five hundred and no/100 ($1,500.00) Dollars as commission for the sale. Title to be closed not later than August 1, 1952.

Louis Spector<br>Eugene J. Nathan

Accepted:

Witness: Martin A. Ginsburg "

The memorandum was obviously intended to be a mere binder, pending the preparation and execution of the formal contract. It will be noted that nothing was said in the memorandum about the down payment.

A few days later the plaintiff notified the defendant by telephone that he was willing to pay $2,000 down and at a subsequent meeting in the office of the defendant's attorney the plaintiff tendered the $2,000 but the defendant refused to accept it and refused to enter into any agreement for the sale of the property.

The principles of law to be applied in this situation are well settled. The fact that the memorandum contains all the essential terms of *a* contract of sale is beside the point. The question is whether the memorandum was a sufficient memorandum of *the* contract, if any, which was made by the parties. The memorandum " does not integrate, but merely evidences, the oral agreement ". (*Friedman & Co.* v. *Newman,* 255 N. Y. 340, 343; *N. E. D. Holding Co.* v. *McKinley,* 246 N. Y. 40, 45; 1 Restatement, Contracts, §§ 228, 237.) The memorandum is not subject to the parol evidence rule. It may be shown by parol evidence (1) that the memorandum was incomplete and that the oral agreement contained terms not set forth in the memorandum, or (2) that the oral agreement was in itself incomplete and that

the parties left essential terms open for further negotiation. In the former case, it would have to be held that the memorandum was insufficient under the Statute of Frauds and that the agreement between the parties was unenforcible for that reason; in the latter case, it would have to be held that there was no agreement between the parties and hence that there was nothing to enforce. (*N. E. D. Holding Co.* v *McKinley, supra.*)

If we accept the defendant's version of the transaction, as we must upon a motion of this character, we must conclude that the parties had not reached a complete agreement at the time of the execution of the memorandum. "The amount to be paid on the signing of the contract was an important element of the complete contract. It was left open. The contract was never completed. The transaction was destitute of legal effect." (*Ansorge* v. *Kane,* 244 N. Y. 395, 399–400.)

It may be assumed that upon the plaintiff's subsequent acquiescence in the defendant's demand for a $2,000 down payment, prior to the defendant's withdrawal of the offer to sell the premises, a complete contract came into being. However, this complete contract is not evidenced by the memorandum. The promise to make a down payment was an essential term of the agreement; its omission from the memorandum was fatal. "Nor was it a minor matter for the owner whether nothing should be paid when the contract was signed and she should wait two months for her money, or whether she should receive a substantial sum, the stronger to bind the agreement, on which she also might receive interest, or even a greater increment, if she had her hands on it. In this connection we observe that the broker demanded that his full commission of ten per cent be paid on the signing of the contract which further suggests that the down payment had more than theoretical importance to the vendor " (*Ansorge* v. *Kane, supra,* p. 399).

The statement quoted from the *Ansorge* case is directly in point. In this case too, it was orally agreed that the broker would be paid one half of his commission upon the execution of the formal contract.

It is thus clear that section 259 of the Real Property Law has not been complied with and that the contract is unenforcible.

"It is not sufficient that the note or memorandum may express the terms of a contract. It is essential that it shall completely evidence the contract which the parties made." (*Poel* v. *Brunswick-Balke-Collender Co.,* 216 N. Y. 310, 314.)

"So, although the contract appearing in the memorandum seems to be complete upon its face, if, in fact, there were addi-

tional terms, the memorandum is insufficient because the memorandum must state the essential terms of the oral contract. Thus, if there is \* \* \* a term of credit, or security, or if the place or time of delivery or payment is agreed upon, these must be included in the memorandum." (2 Williston on Contracts [Rev. ed.], § 575.)

As a matter of fact, the complaint and the plaintiff's affidavits lend considerable support to the defendant's version of the transaction. The plaintiff admits that there was talk about a down payment and that the defendant had insisted upon $2,000 and that the plaintiff had originally offered to pay $1,000. However, the plaintiff claims that this all took place after the execution of the memorandum and that there was no mention of a down payment in the oral negotiations which led to the preparation and execution of the memorandum. It is difficult to accept the plaintiff's version on this point since it is hard to understand why the plaintiff volunteered subsequently to make a down payment if there had been a complete agreement of sale without a down payment at the time of the execution of the memorandum. In any event, there is at least a question of fact as to whether a down payment had been discussed prior to the execution of the agreement and had been left open for further negotiation and had been ultimately agreed upon. This controversy cannot be disposed of by summary judgment.

The order and judgment should be reversed and the motion for summary judgment should be denied, without costs. Insofar as the order appealed from denies the defendant's motion for judgment on the pleadings, it should be affirmed, without costs.

Coon, J. (dissenting). It is undisputed that the parties entered into negotiations for the sale by the defendant to the plaintiff of certain business property in the city of Glens Falls, N. Y., and that the negotiations culminated in both parties signing the agreement in writing, which is quoted in the opinion of the court.

This brief contract contains all the essential elements of a contract for the sale of real estate and is binding upon both parties. The court at Special Term correctly decided the motion papers presented no triable issue of fact and properly granted summary judgment. The order and judgment should be affirmed.

Foster, P. J., and Brewster, J., concur with Halpern, J.; Coon, J., dissents in memorandum in which Bergan, J., concurs.

Order and judgment reversed, on the law, and motion for summary judgment denied, without costs. Insofar as the order denies the defendant's motion for judgment on the pleadings, it is affirmed, without costs.