■ ANDREW CORDES, Appellant, v. CALIFORNIA INSURANCE COMPANY, Respondent.— Plaintiff appeals from an order dismissing the complaint, pursuant to subdivision 4 of rule 107 and rules 112 and 113 of the Rules of Civil Practice. The motion was granted on the theory that a final judgment in a prior action determined the rights of the plaintiff in the pending litigation. The residence of the plaintiff was destroyed by fire after being struck by a vehicle. A tort action was instituted and the trial resulted in a verdict by the jury in favor of the plaintiff in the amount of $7,500, which was thereafter satisfied. The plaintiff then instituted the present action, alleging that he had purchased a policy of fire insurance from the defendant in the amount of $10,000 which was in force at the time of the fire; that he had complied with the terms of said policy; that he had suffered a loss in the amount of $10,000, $7,500 having been secured by judgment mentioned above, and that there was due and owing to the plaintiff from defendant the balance of $2,500. The answer of the defendant denied all of the allegations of the complaint and affirmatively alleged that prior to the commencement of the action, the plaintiff had recovered $7,500 which constituted payment in full for the damages sought herein. The complaint and the bill of particulars allege that the items claimed in the instant action were those (alleged) lost in the fire. The court held that since the fire insurance policy was solely one of indemnity, its obligation was to pay the loss sustained. Section 168 of the Insurance Law sets forth the standard policy provisions which include "loss payable" and "subrogation". The amount of loss payable is governed by the proof of loss. The court decided plaintiff was estopped from litigating again the issue which was previ-

ously determined upon the merits by a court of competent jurisdiction. While it is true that *res judicata* may bar relitigation which may destroy the basis of a prior judgment, the motion papers are not sufficient to make such a determination. In reading the opinions in *Eidelberg* v. *Zellermayer* (5 A D 2d 658, 661; *Ripley* v. *Storer* (309 N. Y. 506, 518), and *Israel* v. *Wood Dolson Co.*, (1 N Y 2d 116) it is apparent that the pleadings and other necessary documents were before the court. Here, the affidavit in the motion papers was that of the attorney for the defendant setting forth an outline of the facts in the former action, the recovery in favor of the plaintiff which he says constitutes a bar to a recovery in the action against the insurance company. There was no offering of exhibits to support the affidavit. The defense of *res judicata* raised by the defendant might be an absolute defense to the present action but in order to make a proper determination, it would be necessary for the court to have the benefit of the judgment roll in the prior action, including bill of particulars, and a copy of the policy of insurance with any and all indorsements in effect at the time and the proof of loss. It is well-accepted principle that in motions of this kind, the pleadings and affidavits of the defending party must be accepted as true for the purpose of the motion unless they can be rejected as incredible as a matter of law (*Nathan* v. *Spector*, 281 App. Div. 451–452; *First Nat. Bank of Morrisville* v. *International Radiant Corp.*, 5 A D 2d 1043; *Nevins, Inc.* v. *Kasmach*, 279 N. Y. 323–325.) Defendant makes a further point that the prior action instituted by plaintiff has deprived it of the right of subrogation. The standard fire insurance policy provides: " This company may require from the insured an assignment of all right of recovery against any party for loss to the extent that payment therefor is made by this company." From the affidavits the questions of notice and waiver might be ones of fact. Judgment and order reversed, without prejudice to making a new motion, and this motion denied, with $10 costs. Bergan, J. P., Gibson, Herlihy and Reynolds, JJ., concur.