J. Irwin Shapiro, J.
This is a motion by the plaintiff for summary judgment against the defendant Zegelbone, the alleged maker of a promissory note in the face amount of $10,000 made by him on December 1, 1954, and payable on demand to the order of the defendant Miehaelson, and delivered by the maker to said defendant Miehaelson on or about that date. It is alleged that the defendant Miehaelson, before maturity of said note, indorsed it for value 'and delivered same to the plaintiff, who is now the holder thereof.
The answer denies the making and delivery of said note, as well as its indorsement ¡and delivery by the payee to the plaintiff before maturity. By failure to deny, it is admitted that said note was duly presented for payment at its maturity but payment thereof refused, all of which due notice was given to the defendant Miehaelson, and that no part thereof has been paid.
Two defenses have been asserted by the maker, the first alleges that the plaintiff is not the lawful owner and holder of the note in due course. The second defense, which has been asserted also by way of cross claim against the defendant Miehaelson, alleges that there was no delivery and no consider *487 ation therefor, but that should the plaintiff recover a verdict against the maker by reason thereof the latter should have judgment over against the payee, the defendant .Miehaelson.
According to the moving affidavit of the plaintiff he purchased this note on or about May 22,1958 from the defendant Miehaelson for the sum of $6,000. The defendant maker urges that the plaintiff is not a holder in due course, since under section 92 of the Negotiable Instruments Law a holder is not deemed one in due course where an instrument payable on demand is negotiated an unreasonable length of time after its issue; that the period of three and one-half years between the issue of the note in suit and its transfer to the plaintiff is an unreasonable length of time under such authorities as Grossman v. Chechila (127 Misc 151), where the Appellate Term of the First Department held that the transfer of a demand note made about one year after its date was not made within a reasonable time, and, accordingly, the transferee thereof was not a holder in due course.
The fact that the plaintiff may not be a holder in due course under the foregoing authorities does not require the denial of this motion unless the defendant maker shows in his opposing papers the existence of triable issues with respect to his defense of no consideration for the making and delivery of the note. In his supplemental affidavit the maker states that he has examined the photostatic copy of the note in suit and finds that the signature thereon resembles and is similar to his and, therefore, he cannot categorically affirm or deny that it is his signature. He states, however, that he never signed that note for the purpose of giving it to his codefendant or delivering it to her or for the purpose of her negotiating or transferring it to anyone else; that he did not give or deliver the note to her, nor did he ever authorize anyone else to do so on his behalf; that he was not at any time indebted to her in any way, and that he received nothing from her or anyone else as consideration therefor; that the signature on the note is either an outright forgery or it was acquired with his signature by the codefendant under surreptitious circumstances. He states also in his opposing affidavits that his codefendant has on many occasions signed checks and notes without his authorization; that she had access to his records and papers, and that on many occasions he left promissory notes and checks signed by him in blank in his place of business, in which his codefendant was associated as an employee.
The court is, of the opinion, in view of all of the foregoing, that triable issues of fact are presented which cannot be flung *488 off summarily on affidavits alone and that this case must be tried in its usual way by common-law proof. As was stated by our Court of Appeals recently in Sillman v. Twentieth Century-Fox Film Corp. (3 N Y 2d 395, 404): “To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (Di Menna & Sons v. City of New York, 301 N. Y. 118). This drastic remedy should not be granted where there is any doubt as to the existence of such issues (Braun v. Carey, 280 App. Div. 1019), or where the issue is ‘ arguable ’ (Barrett v. Jacobs, 255 N. Y. 520, 522); ‘ issue-finding, rather than issue-determination, is the key to the procedure ’ (Esteve v. Abad, 271 App. Div. 725, 727). In Gravenhorst v. Zimmerman (236 N. Y. 22, 38-39) Chief Judge Hiscock, writing for this court, observed that one person may argue that as matter of law the assignor abandoned and lost the benefit of his rescission, whereas another might think that was a question of fact, and concluded: ‘ It never could have been, or in justice ought to have been, the intention of those who framed our Practice Act and rules thereunder that the decision of such a serious question as this should be flung off on a motion for summary judgment. Whatever the final judgment may be the defendants were entitled to have the issue deliberately tried and their right to be heard in the usual manner of a trial protected. ’ ’ ’
The motion is, accordingly, denied. Submit order.