Mario Pittoni, J.
The plaintiff moves for an order pursuant to rule 113 of the Rules of Civil Practice striking out the defendant’s answer and directing the entry of summary judgment in favor of the plaintiff.
This is an action to recover $9,500 allegedly loaned to the defendant in August, 1958. The plaintiff claims that the defend- and had asked to borrow $16,000, and agreed to pledge stock in the Jen-Dot Realty Corp. Pending the drawing of the papers, the plaintiff advanced $9,500. However, in 1956 the defendant had alreadly pledged the same shares of stock to a third party as security for a loan so that the loan of $16,000 was not consummated. However, no part of the $9,500 advanced in August, 1958 has been repaid. The answer puts in issue the making of this $9,500 loan.
In support of his position the plaintiff exhibits copies of certain receipts signed by the defendant. None of these state the purpose of the payments by the plaintiff to the defendant, and one dated August 18,1958 bears a notation which seems to indicate that the plaintiff gave the defendant $5,000 in cash in exchange for two $2,500 checks. It cannot be said that these receipts clearly establish a loan.
The defendant denies any loan by the plaintiff to the defendant, admits the payment of $9,500 by the plaintiff, but claims *544 that this money was due to the defendant from certain business transactions in which they had been jointly interested.
Under the circumstances, there is a triable issue of fact as to the making of this $9,500 loan which requires a trial. “ To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (Di Menna & Sons v. City of New York, 301 N. Y. 118). This drastic remedy should not be granted where there is any doubt as to the existence of such issues (Braun v. Carey, 280 App. Div. 1019), or where the issue is ‘ arguable ’ (Barrett v. Jacobs, 255 N. Y. 520, 522); ‘ issue-finding, rather than issue-determination, is the key to the procedure ’ (Esteve v. Avad, 271 App. Div. 725, 727).” (Sillman v. Twentieth Century-Fox, 3 N Y 2d 395, 404.)
Motion for summary judgment is denied.