WEST VIRGINIA PULP AND PAPER COMPANY, Respondent, v. MERCHANTS MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant.

Third Department, May 16, 1960.

*Arthur J. Murphy* for appellant.

*George S. Lettko* for respondent.

REYNOLDS, J. The defendant, Merchants Mutual, appeals from an order of Special Term, Schenectady County which granted plaintiff's motion for summary judgment in an action for a declaratory judgment. The order adjudges that the plaintiff-respondent, West Virginia Pulp and Paper Company, is an insured within the terms of a policy of automobile liability insurance issued to one Allen Rogers and that defendant is obligated to defend a tort action brought by Rogers against the plaintiff. It also declares that defendant is obligated to plaintiff for expenses incurred in the investigation and defense of Rogers' action to the date of the order.

On June 27, 1958 Allen Rogers was struck by the hook of a crane owned by plaintiff and operated by one of its employees. At the time Rogers was assisting in the unloading of his truck which contained pulpwood. On November 28, 1958 Rogers instituted an action against plaintiff and on December 11, 1958 plaintiff served a notice of appearance and demand for a complaint. On January 9, 1959 plaintiff's attorneys wrote to the defendant stating that an action had been brought against it by Rogers for injuries sustained while unloading his truck. It stated that it was felt that plaintiff might be an insured under Rogers' policy and asked for a copy of the policy. On February 12, 1959 Rogers' complaint was served on plaintiff and on February 13, 1959 another letter was written to the defendant enclosing a copy of the complaint and asking that the defendant take over the defense of the action. The letter enclosed a decision by Justice HUGHES in another case where the Insurance Company of North America (plaintiff, West Virginia, is insured by the Indemnity Insurance Company of North America) had been required to defend in a similar situation and it also pointed to the case of *Greaves* v. *Public Serv. Mut. Ins. Co.* (5 N Y 2d 120). On March 5, 1959 the defendant refused to take over the defense of the action.

Plaintiff then instituted the present action for declaratory judgment against the defendant and Rogers, adjudging it to be an insured under the policy issued by the defendant to Rogers. Defendant's answer admitted the existence of a policy issued by it to Rogers but denied that it afforded coverage to plaintiff. It further alleged the failure to comply with certain provisions of the policy and in particular with the ones concerned on this appeal, e.g., that notice must be given by the insured to the defendant " as soon as practicable " after the happening of an accident, and further, immediate notice of the suit. Plaintiff then moved for summary judgment and its attorney's affidavit in support of the motion stated that Rogers had begun an action against it for injuries sustained while unloading his truck, that subsequent investigation showed that the truck was insured by the defendant, that written notice was given to the defendant as soon as practicable in the letter of January 9 and February 13, 1959 and that among the reasons why such notice was as soon as practicable was because of the publication in the Advance Sheets on February 4, 1959 of the case of *Greaves* v. *Public Serv. Mut. Ins. Co. (supra)*. The defendant did not submit an affidavit in opposition to the motion, but did write to Special Term stating that it did not feel it was required to file an affidavit when the moving affidavit presents the full factual situation to the court and the issues are clearly defined by the pleadings. It stated further that it felt it was entitled to summary judgment on its defense of lack of notice. The court below granted plaintiff's motion for summary judgment holding that it was an insured under the policy issued by the defendant to Rogers and further that the notice given to the defendant seven months after the accident and within several months after institution of the action by Rogers was not unreasonable and further that plaintiff, West Virginia, was not fully and completely aware of the terms of the policy until it was produced at the time of the motion.

Plaintiff contends that summary judgment was properly granted since it appeared from its affidavit that notice of the accident was timely as a matter of law for the reasons that notice could not be given until it could be determined who Rogers' carrier was; that Rogers would claim the injuries occurred in loading or unloading; that Rogers would press his claim; and that such facts could not be determined until the summons and complaint were served. Defendant-appellant contends that summary judgment should not have been granted in that an issue of fact was presented as to the timeliness of the plaintiff's notice to it of the accident since the moving affidavit admits a delay of

seven months after the accident and since the facts of this delay are peculiarly within the knowledge of plaintiff. They argue on the question of "unawareness" that we are not dealing here with an uninformed layman, as the unnamed assured but that this dispute is basically between two insurance carriers. They point out that the letter of January 9, 1959 (the first notice of accident or suit attached to the motion papers herein) was written by experienced insurance counsel. That this letter shows that West Virginia and their carrier the Indemnity Insurance Company of North America, knew of the accident, the injury, the fact that "loading and unloading" was involved, that Rogers was covered by insurance (that this was obvious in this day of compulsory insurance) and that defendant Merchants Mutual was the carrier, and that they knew these facts, undoubtedly, for some time prior thereto. They pose the question how long before January 9, 1959 were plaintiff and its carrier aware of all these facts? They argue that the "loading and unloading" clause has been in the automobile policies for many years, and has been the subject of many articles in legal and insurance publications, as well as in numerous decisions. That the conclusion of the court below that plaintiff would only be fully and completely aware of provisions of defendant's policy, when it was produced on the motion, certainly would not apply to the familiar "loading and unloading clause."

Thus the question raised is whether issues of fact exist as to the timeliness of the notices of accident and suit required by the policy.

The provisions of defendant's policy contain the following conditions:

"When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

"If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

Rule 113 of the Rules of Civil Practice provides: "2. A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions, written admissions, &c. The affidavit must be

made by a person having knowledge of the facts; it must recite all the material facts; and *it must show that there is no defense to the action* or claim * * *. The motion shall be granted if, upon all the papers and proof submitted, the action or claim * * * shall be established sufficiently to warrant the court *as a matter of law* in directing judgment * * * in favor of any party." (Emphasis supplied.)

In *Sillman* v. *Twentieth Century-Fox* (3 N Y 2d 395, 404), the Court of Appeals said: "To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (*Di Menna & Sons* v. *City of New York,* 301 N. Y. 118). This drastic remedy should not be granted where there is any doubt as to the existence of such issues (*Braun* v. *Carey,* 280 App. Div. 1019), or where the issue is ' arguable ' (*Barrett* v. *Jacobs,* 255 N. Y. 520, 522) ; ' issue-finding, rather than issue-determination, is the key to the procedure ' (*Esteve* v. *Avad,* 271 App. Div. 725, 727)."

There are a number of decisions involving the question of whether in a particular situation notice of the happening of an accident was given " as soon as practicable " to the insurance company. Some of these involve notice by a named insured and others, as in the situation here, by an unnamed insured. In *Deso* v. *London & Lancashire Ind. Co.* (3 N Y 2d 127), a tenant fell on the insured's premises February 12, 1951 and it appeared that no injury had occurred. However, his back began to bother and on May 28, 1951 he was told by his doctor that a serious back injury had resulted from the fall and this information was passed on to his landlord, the insured. The insured did not give notice to the insurer until July 18, 1951, over a month and half later. A jury found that notice had been timely and the Appellate Division affirmed, but the Court of Appeals held that as a matter of law notice had not been given as soon as practicable. The court stated the general rule: " It is also well settled that the reasonableness of a delay, where mitigating circumstances such as absence from the State or lack of knowledge of the occurrence or its seriousness are offered as an excuse, is usually for the jury (*Rushing* v. *Commercial Cas. Ins. Co.,* 251 N. Y. 302, 304; *Melcher* v. *Ocean Acc. & Guar. Corp.,* 226 N. Y. 51; see, also, *Gluck* v. *London & Lancashire Ind. Co. of America,* 2 A D 2d 751, affd. without opinion 2 N Y 2d 953). On the other hand, absent an excuse or mitigating circumstances, courts have assumed the function of determining fulfillment of the condition " (pp. 129–130).

In the early case of *Melcher* v. *Ocean Acc. & Guar. Corp.* (226 N. Y. 51), it was held that the jury could find that notice was

timely, if given at the time when the insured first became aware of the accident (three months after the accident) if prior to that he had no knowledge of the accident or no notice of any claim. More recently in *Gluck* v. *London & Lancashire Ind. Co. of America* (2 A D 2d 751, affd. 2 N Y 2d 953), the accident occurred on October 24, 1947 and the insured did not give notice until March 9, 1948 when served with a summons. The insured testified that he had not thought he was covered. The lower court directed a verdict for the company but the Appellate Division reversed, holding there was a triable issue as to whether notice was timely. In referring to this case in *Deso* (*supra*), the Court of Appeals said: "Because the effect of the policy language governing coverage was at the time of the accident and for some time after it by no means well settled, the reasonableness of the insured's confusion and consequent delay was deemed a question for the jury" (p. 131).

The case of *Marcus* v. *London & Lancashire Ind. Co. of America* (6 A D 2d 702, affd. 5 N Y 2d 961), involved an unnamed insured. There the insured had a liability policy covering the members of his household and his daughter was injured on March 18, 1956 through an act of the insured's mother who was residing there at the time. The insured did not give notice until November, 1956 when he first became aware that his insurance might cover the situation. In affirming the denial of the company's notice for summary judgment the Appellate Division said: "On the basis of the foregoing facts, which are set forth in the papers on appeal, it appears that there is *a triable issue of fact* as to whether there was compliance with the condition in the policy to which reference has been made, in the light of the fact that timely and adequate notice by the respondent herself or by her grandmother, or on their behalf, would have satisfied the condition, *and the fact that the standards by which notice by them or on their behalf are to be judged differ from the standards by which notice by a named insured is to be judged*" (p. 703) (emphasis added). Thus indicating that sometimes a more lenient standard is applied to an unnamed insured. However, it would appear clear that even then, notice must be given as soon as the unnamed insured becomes aware of his coverage.

The reasoning and holdings of the above decisions buttressed by the fact that the question of the claimed "unawareness" here, was information peculiarly within the knowledge of the plaintiff, lead only to the conclusion that an issue of fact exists as to the timeliness of the notice as to accident and suit.

As is stated in Carmody-Wait, Cyclopedia of New York Practice (Vol. 5, § 21, p. 144): "It is apparently well settled that if

the facts upon which an application for summary judgment is based are exclusively within the knowledge of the moving party, or clearly not within the knowledge of the opponent, the relief requested will be denied." (Cf. *Universal Major Elec. Appliances* v. *Rudisco*, 3 A D 2d 687; *Verity* v. *Peoples State Bank of Baldwin*, 1 A D 2d 833.)

It is therefore our view that there is an issue of fact here on the questions of notice and summary judgment should not have been granted.

The order should be reversed and summary judgment denied, with $10 costs.

BERGAN, P. J., COON, GIBSON and HERLIHY, JJ., concur.

Order and judgment reversed, on the law and the facts, and motion denied, with $10 costs.