Benjamin Brenner,, J.
Plaintiff in this action to foreclose a purchase-money mortgage moves pursuant to rule 109 of the Buies of Civil Practice to strike the first defense and counterclaims of the defendant the White Fathers Film Foundation, Inc., for insufficiency. Its answer denies it was in default and alleges in its separate defenses that it made due and timely payment of accrued interest prior to the commencement of the action, and that such tender was rejected.
The defense pleaded as to the sale of the property is meaningless since a deficiency judgment against it would in any event be enforcible. Nor are the counterclaims sufficient in law for they appear to be based on claims of malice arising from the institution of this very suit though as to this plaintiff no facts are recited from which malice may be imputed.
There is, however, an ample showing that the claimed ‘ ‘ default ’ ’ of the March interest installment was not deliberate as all prior interest payments were in fact waived by plaintiff. Defendant may have been justified in concluding that upon the sale of the property plaintiff would not accord the same waiver benefit to its successor in ownership and thereupon decided to forward the two interest installment payments to plaintiff’s residence in Connecticut, by certified mail on June 6, 1960, receipt of which was* refused. Tender was thus evidently made prior to the commencement of this action and defendant’s grace period of 15 days from June 1, 1960 (when the June interest payment was due) was not in fact spent, for plaintiff’s complaint shows it to have been verified on June 8,1960. I hold the remaining defenses of defendant the White Fathers Film Foundation, Inc., to be sufficient and the motion as to them is denied, but granted as to its counterclaims which are dismissed.
Belative to the separate motion made by defendants James and Barton for summary judgment, the latter deny any default as to interest payments upon the mortgage sought to be foreclosed and contend as follows: That they purchased the premises on June 1, 1960 from the corporate codefendant which, during its period of ownership, enjoyed the benefit of a waiver of interest; that at their request the corporate defendant on June 6, 1960 forwarded the two accrued interest installment payments which tender was refused by plaintiff.
Disputed issues of fact are presented. It appears admitted that these defendants did not make the tender themselves but whether it was duly made in their behalf constitutes a material and triable issue of fact (Di Menna & Sons v. City of New York, *360 301 N. Y. 118). The drastic remedy of summary judgment cannot he granted where a doubt remains as to fact questions (Braun v. Carey, 280 App. Div. 1019), or where the issue is “ arguable ” (Barrett v. Jacobs, 255 N. Y. 520, 522).
The motion by the individual defendants is denied. Submit order in accordance herewith.