## (February 21, 1961)

RICHGOLD TRADING CORP., Respondent, v. JULIUS M. LEVINE, Appellant. APPEAL (1) from an order of the Supreme Court at Special Term, entered April 18, 1960, which granted a motion by plaintiff for summary judgment striking out the answer under rule 113 of the Rules of Civil Practice and (2) from the judgment entered thereon.

Order and judgment affirmed, with costs to the respondent.

VALENTE, J. (dissenting). I dissent, and would reverse the order granting summary judgment to plaintiff and deny the motion. It appears that plaintiff made a collateral loan to defendant's son-in-law, Loewe, in the amount of $250,000 at 8% per month interest. When plaintiff pressed Loewe for additional

collateral, Loewe informed plaintiff's president on December 18, 1959 that he had arranged to have his father-in-law — the defendant herein — deliver $25,000 to support the collateral. On December 18, 1959, defendant issued a check, postdated December 22, 1959, to the order of Loewe, who thereupon indorsed it over to plaintiff. However, before issuing and delivering the check defendant had a conversation with plaintiff's president. Defendant avers that in such conversation defendant informed plaintiff's president that he was going to give the check to his son-in-law on the understanding that the son-in-law was not to make use of the check until he had heard from defendant that funds had been made available to meet the instrument and that defendant intended to borrow funds to make the check good. Defendant further avers that both his son-in-law and plaintiff's president assented to the arrangement. When defendant learnt the next day that Loewe had immediately turned the check over to plaintiff, defendant stopped payment on the check on December 21, 1959.

Plaintiff's president admits speaking to defendant at the time of the issuance of the check but gives a different version of the conversation. He assigns as a reason for the stopping of the check an alleged drop in the value of the collateral being held on the loan, rather than a breach of the condition as to the delivery of the check. Special Term decided that, upon the affidavits, defendant's story is incredible as a matter of law, and granted plaintiff's motion for summary judgment. In *Cordes* v. *California Ins. Co.* (6 A D 2d 985, 986) it was said, with regard to motions for summmary judgment: "It is well-accepted principle that in motions of this kind, the pleadings and affidavits of the defending party must be accepted as true for the purpose of the motion unless they can be rejected as incredible as a matter of law (*Nathan* v. *Spector*, 281 App. Div. 451–452; *First Nat. Bank of Morrisville* v. *International Radiant Corp.*, 5 A D 2d 1043; *Nevins, Inc.* v. *Kasmach*, 279 N. Y. 323–325)."

And in *Sillman* v. *Twentieth Century-Fox* (3 N Y 2d 395, 404) the Court of Appeals made the oft-quoted statement (which bears repetition here): "To grant summary judgment it must clearly appear that no material and triable issue of fact is presented (*Di Menna & Sons* v. *City of New York*, 301 N. Y. 118). This drastic remedy should not be granted where there is any doubt as to the existence of such issues (*Braun* v. *Carey*, 280 App. Div. 1019), or where the issue is 'arguable' (*Barrett* v. *Jacobs*, 255 N. Y. 520, 522); 'issue-finding, rather than issue-determination, is the key to the procedure' (*Esteve* v. *Avad*, 271 App. Div. 725, 727)."

The office of a motion for summary judgment is not to pass on questions of credibility or weight of evidence. That is the function of a trial where witnesses can be subjected to cross-examination.

Defendant's version of the conversation with plaintiff's president is not incredible as a matter of law. Even though Special Term may not have been over-impressed with the defense, there is nothing in the record by way of concrete evidence completely to obliterate its substance.

If the triers of the facts are convinced of the truth of defendant's account, then as a matter of law the delivery of the instrument on a condition constitutes a defense between the immediate parties and those who took the instrument with notice of the condition (Negotiable Instruments Law, § 35; Beutel's Brannan, Negotiable Instruments Law [7th ed., 1948], p. 363 *et seq.*). Since defendant's affidavits are sufficient to create a triable issue as to whether the instrument was delivered on the condition which defendant claims and as to whether plaintiff had knowledge of that condition when Loewe indorsed the check in blank, it was error to grant plaintiff's motion for summary judgment.

Botein, P. J., Rabin, McNally and Stevens, JJ., concur in decision; Valente, J., dissents and votes to reverse and deny the motion for summary judgment in opinion.

Order and judgment affirmed, with costs to the respondent.