J. Kenneth Serve, J.
The plaintiff has instituted an action to foreclose a mortgage made, executed and delivered by the defendant to the plaintiff. The mortgage provides that the whole principal sum shall become due at the option of the mortgagee after the default in the payment of any installment of principal or of interest for 30 days. In its complaint, the plaintiff alleges that the payment of $1,000 principal and $412.50 interest due on October 1, 1960 was not made and because of such default the plaintiff has elected to declare the full amount of the unpaid balance of the mortgage immediately due and payable.
The defendant in its answer alleges as an affirmative defense that on the 29th day of October, 1960 and within the 30-day grace period permitted by the terms of the bond and mortgage it caused to be issued its check drawn upon the Brockport office of the Lincoln Rochester Trust Company to the order of the plaintiff in the amount of $1,412.50. This latter sum represented the $1,000 principal and $412.50 interest due and payable on October 1, 1960. The defendant further alleges that on the 29th day of October, 1960 in the ordinary course of business that the afore-mentioned check was duly executed by an authorized officer and in the ordinary course of business was forwarded together with a covering letter to the plaintiff at the address, McKee Road, P. O. Box 1850, Rochester 3, New York, to which the defendant had been directed by the plaintiff to *747 direct all correspondence and payments. For reasons unknown to the defendant, the check was never negotiated and never cleared the bank upon which it was drawn. It is further alleged by the defendant that it is ready and has been at all times since October 29, 1960 willing and able to pay the afore-mentioned sum of $1,412.50.
It is to be noted that the defendant in its answer does not state as to the manner in which the check was “ forwarded ” to the plaintiff. In the answering affidavit on this motion, the defendant by its president, has expressly stated that the said check was “ forwarded in the ordinary course of business, by regular mail ” to the plaintiff. In a motion for summary judgment it is the affidavits that govern (Dixon Realty Co. v. Commercial Affiliates, 9 A D 2d 665).
Following the receipt of the defendant’s verified answer, the plaintiff made a motion for summary judgment and it is this motion that is now before the court. The plaintiff, in one of the affidavits in support of the motion for summary judgment, has stated that it never received the check dated October 29, 1960 in the amount of $1,412.50 nor the covering letter referred to in the defendant’s answer. The plaintiff further states that there is no defense to the foreclosure action and that the answer of the defendant should be stricken out and judgment entered for the plaintiff. The defendant in its answering affidavit, made by the president of the corporate defendant, stated as follows: that he had prepared and executed the corporation’s check on October 29, 1960 and made the same payable to the plaintiff in the amount of $1,412.50, which represented the $1,000 principal installment and the accrued interest in the amount of $412.50 and all of which was due October 1, 1960; that said check was forwarded in the ordinary course of business, by regular mail, to the plaintiff at the address where the defendant had been instructed by the plaintiff to make all payments under the mortgage; that the check never cleared the defendant’s bank and that the president was not aware nor to the best of his knowledge or belief was any officer or employee of the defendant aware, that the check had not been received by the plaintiff, and that the defendant was not informed of such nondelivery until December 19, 1960. Subsequent to such notification and on or about the 11th day of January, 1961 a check in the amount of $1,412.50 was issued by the defendant and made payable to the plaintiff and delivered by mail to the plaintiff for the purpose of replacing the missing check. This latter check was not retained by the plaintiff but was returned uncashed to the defendant.
*748 Summary judgment will be granted only in the absence of a triable issue of fact, and such relief will not be granted, where the pleadings and affidavits disclose that there is any possibility of an issue existing that should be passed upon at a trial (Bender’s New York Practice, vol. 1, p. 672).
In determining this motion the question to be decided is, has the defendant by its answer and its affidavits demonstrated facts sufficient to require a trial of an issue of fact? The defendant claims that an issue of fact has been raised by its assertion that it mailed its check on October 29, 1960 as aforesaid and the denial of the receipt of the same by the plaintiff. The plaintiff claims that the defendant has not complied with its contract to pay the October 1, 1960 installment of principal and interest and that there is no statement in the defendant’s answer or affidavit showing the date or place of mailing of the alleged check so that it would reach the plaintiff within the 30-day grace period and no statement that the defendant had sufficient funds in the bank on which it was drawn at the time the alleged check was issued to meet the required payment. “As a general proposition, it is not the function of the court in ruling upon a motion for summary judgment to determine the truth of the statements in the pleadings and affidavits. Upon the motion all of the facts presented by the opposing party in his pleadings and affidavits are accepted as true.” (Carmody-Wait, New York Practice, vol. 5, § 41, p. 165.)
In Nathan v. Spector (281 App. Div. 451, 452), the court reviewed an order granting summary judgment in favor of the plaintiff and in making such review stated ‘ ‘ we must accept the defendant’s version of the facts as true except to the extent to which we may reject any part of it as incredible as a matter of law. If the evidentiary facts set forth by the defendant are sufficient to raise a question of fact as to any point vital to the plaintiff’s case, the order must be reversed.”
There is a presumption in the law that a letter properly addressed, stamped and mailed is duly delivered to the addressee (Trusts and Guar. Co. v. Barnhardt, 270 N. Y. 350, 352; News Syndicate Co. v. Gatti Paper Stock Corp., 256 N. Y. 211; Dulberg v. Equitable Life Assur. Soc. of United States, 249 App. Div. 785).
The function of the court, in reaching a determination as to whether summary judgment should be granted, can be classed as “ issue-finding ” rather than “ issue-determination ” (Esteve v. Abad, 271 App. Div. 725, 727). Upon the examination of the motion papers, if a real issue of fact is found, then the motion for summary judgment should be denied and the parties should *749 be relegated to the trial forum. A party should not be deprived summarily of a right to have such fact issue tried in the regular and ordinary manner, unless it is clear beyond doubt that no triable or arguable issue exists (Braun v. Carey, 280 App. Div. 1019; Barrett v. Jacobs, 255 N. Y. 520). “ The drastic remedy of summary judgment cannot be granted where a doubt remains as to fact questions ” (Smith v. White Fathers Film Foundation, 27 Misc 2d 358, 360).
The plaintiff has raised the additional point that the last day of the grace period was Sunday and assuming for the purpose of argument that the defendant mailed its check on Saturday, October 29, 1960, it was impossible to have the check delivered by mail to the plaintiff until Monday, which was the day following the expiration of the grace period. The defendant’s 30-day grace period included Monday because the thirtieth day fell on Sunday (General Construction Law, § 20).
The case of Title Guar. & Trust Co. v. Queens Freeholds (267 App. Div. 787) is similar to the instant case. In the cited case it was an action to foreclose a mortgage and a question arose as to the extension agreement in relation to said mortgage. The extension agreement provided that the whole of the principal sum of the mortgage should become due after the default in the payment of any tax for 30 days after notice and demand. It was alleged in the complaint and denied in the answer that the demand was duly made. The moving affidavit of the plaintiff’s vice-president stated as follows: 1 ‘ That demand for the payment of the same was made upon the defendants by sending to them the usual notice of demand for payment which was sent to all owners on the 1st day of April, 1941, and on or about the 10th day of April, 1941, which demand is made in the usual course and practice of its (plaintiff’s) business.” The answering affidavit denied that the notice of the demand was ever received. The court held that an issue of fact was raised and it was error to grant summary judgment.
In the instant case the defendant claims that the check in question was forwarded in the ordinary course of business by regular mail to the plaintiff, and the plaintiff has denied receipt of the same. This is an issue of fact that penetrates to the heart of the lawsuit and the outcome of the litigation depends upon the decision of this vital question. On such an important issue of fact the defendant should not be deprived of his right to appear in the trial forum and to present evidence by witnesses or documentary in nature, and be afforded the opportunity to cross-examine the plaintiff’s witnesses. At such time the plaintiff ean cross-examine the defendant’s witnesses as to the details *750 concerning the mailing of the check, such as the time and place of mailing.
Upon examination of the pleadings and affidavits submitted on this motion, this court does find that there is a triable and arguable issue of fact and therefore plaintiff’s motion for summary judgment is hereby denied.