Louis B. Heller, J.
Plaintiff moves for summary judgment pursuant to rule 113 of the Rules of Civil Practice.
This is an action to recover damages for breach of warranty in the sale of molybdenum scrap consisting of valves and pipe by the defendant to the plaintiff. The agreement arose from an invitation by defendant to plaintiff to bid for the purchase of various items listed and described therein. Plaintiff offered a bid on three items of material which defendant accepted,. The sale of 90,000 pounds of molybdenum is the only item involved in this action. Plaintiff upon receiving the material had it chemically tested to ascertain if it was molybdenum scrap. The chemist reported that it was steel with a molybdenum content of 0.15%. The defendant, upon being informed of this, requested a sample for testing and reported that its test showed a molybdenum content of 0.52%.
Plaintiff maintains that molybdenum is a pure metal and must contain a minimum of 99% purity of the metal involved, otherwise it is not molybdenum but an alloy of that metal. Plaintiff now contends that the metal delivered was not molybdenum as represented by defendant, but was steel scrap, a metal of inferior quality and substantially less value.
Defendant, however, asserts that no representation as to the percentage of molybdenum in the valves and pipe was made and that if there is any ambiguity in the wording of the invitation to bid, serious questions of fact exist which require determination at a trial and preclude the granting of summary judgment.
A perusal of the agreement inviting the plaintiff to bid on the items enumerated therein reveals that it provided that the undersigned (the plaintiff herein) agreed to purchase the material subject to these conditions:
“1. No guarantee of quantity, quality or condition has been made by the seller;
‘ ‘ 2. Terms of sale are: As is and where is, cash or certified check in advance.”
*182 It would appear, therefore, that the affidavits submitted herein raise questions of fact as to whether any representations of quality were made by defendant with respect to the nature and description of the material offered for bids and also as to the meaning of the item listed therein.
As a general rule, the construction of a written instrument is a question of law for the court to determine, but when the language employed is not free from ambiguity, or when it is equivocal and its interpretation depends upon the sense in which the words were used, in view of the subject to which they relate, the relation of the parties and the surrounding circumstances properly applicable to it, the intent of the parties becomes a matter of inquiry, and the interpretation of the language used by them is a mixed question of law and fact (Lachs v. Fidelity & Cas. Co. of N. Y., 306 N. Y. 357, 364; Kenyon v. Knights Templar & Masonic Mut. Aid Assn., 122 N. Y. 247, 254). Furthermore, for the purpose of determining whether summary judgment for the plaintiff should be granted, the court must accept the defendant’s version of the facts as to all points upon which there is an open question of fact (Chapman v. Chapman, 284 App. Div. 504; Nathan v. Spector, 281 App. Div. 451).
Moreover, on a motion for summary judgment the court is required to search the record for issues, and if they are present, their resolution must await a trial (Wohl v. Miller, 5 A D 2d 126). Accordingly, the plaintiff’s motion for summary judgment is denied.