■ BORO MOTORS CORP., Respondent, v. CENTURY MOTOR SALES CORP., Appellant, et al., Defendants.— In an action to recover damages for breach of a written contract, defendant Century Motor Sales Corp. appeals from a judgment of the Supreme Court, Kings County, entered April 26, 1961 in favor of the plaintiff, after a jury trial. Judgment reversed on the law and the facts, without costs, and amended complaint dismissed. The contract provided for the sale of certain real and personal property. Part of the agreed consideration was in the form of a purchase-money real estate mortgage for a specified term of years, at certain interest. The agreement was silent as to the time of payment of interest or as to any amortization. This court has held on a previous appeal that the writing was a sufficient memorandum, on its face, to satisfy the Statute of Frauds (*Boro Motors Corp.* v. *Century Motor Sales Corp.*, 9 A D 2d 894). However, if there were material terms, agreed upon by the parties but not stated in the writing, then the writing was invalid and unenforcible (*Nathan* v. *Spector*, 281 App. Div. 451; *Cadwell* v. *Robin*, 278 App. Div. 586; *Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310). As we read the record, on his

cross-examination the plaintiff's president testified that, prior to the signing of the writing in suit, the parties had agreed upon quarterly payments of interest and upon self-liquidating amortization payments. Since these terms were not incorporated in the writing, no cause of action lies for its breach (*Willmott* v. *Giarraputo*, 5 N Y 2d 250). Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.